No. 5.—ALEXANDER MCDOUGALD and others, plaintiffs in error, *vs.* WM. A. T. MADDOX and WIFE, defendants in error.

[1.] William Moughon died testate, appointing John Mitchell his executor, who qualified and took possession of his estate ; and subsequently was appointed guardian of Sarah, the infant daughter of his testator. Mitchell died testate, appointing Alexander McDougald and others his executors. McDougald qualified and took the exclusive possession and control of the estate of Mitchell, amounting to $100,000. McDougald also was appointed guardian of the minor, and owing to the transfer of the guardianship from one county to another and other causes, several bonds, with different sets of sureties were given: *Held*, 1. That a bill filed against McDougald and the several sets of sureties, was not objectionable on the score of multifariousness. 2. That actions having been instituted *at Law* upon each of the bonds, the remedy was ample; and that a bill filed against the principal and all the different sureties, could not be entertained, there being no allegation of the insolvency of the principal. 3. That where several suits are pending at Law, if discovery is needed, and a resort is had to Chancery to obtain it, a separate bill must be filed in each case; and the whole cannot be consolidated for that purpose.

In Equity, in Muscogee Superior Court.   Decision on demurrer, by Judge CRAWFORD, January Term, 1854.

William Moughon departed this life, leaving a considerable estate, to one half of which his daughter Sarah E. was entitled under his will.   John Mitchell qualified as executor, and became guardian of the minor, and continued such guardian, without making any returns or settlement, until his death in 1841.   He died testate, and Alexander McDougald qualified as his executor, and took sole possession and management of John Mitchell's estate, amounting to $100,000 or some other large sum, and thereby became liable to account for the estate of the said minor.   In 1841, said McDougald became guardian of the minor, giving bond with Daniel McDougald, Elizabeth Mitchell and William C. Osborn, as his sureties.   In 1842, Osborn complained to the Ordinary of the mismanagement of McDougald, as guardian, when George H. Bryson, James C. Huey, Miles Moore, Richard W. Armer and Spencer Reynolds

added their names as sureties to the original bond.   In 1847, McDougald removed his guardianship from the County of Harris to the County of Muscogee, and gave a new bond, with Daniel McDougald and Duncan McDougald as sureties.   William A. T. Maddox afterwards intermarried with Sarah E. Moughon, and to him McDougald delivered, as a part of her estate, forty-nine negro slaves.   Failing to account for the hire and profits, suits were brought by Maddox and Wife upon both the bonds before set forth on the Common Law side of the Court.

Pending these suits, Maddox and Wife filed their bill in Equity against the guardian and all of the sureties on both bonds, alleging the foregoing facts, and farther, that it is impossible for them to allege and prove, at Law, at what time the guardian committed the several breaches of his bond, in order to distribute the liability properly among the several sureties upon the respective bonds.   That the several sureties deny that the breaches occurred during the time of their liability, and cast upon the complainants the *onus* of proving the same, which it is impossible for them to do.   The bill prayed for a full discovery from McDougald and the sureties, so as to locate the several breaches, and a decree accordingly.

To this bill a demurrer was filed, 1st.  For want of Equity. 2d.  Because of the pendency of the Common Law actions. 3d.  For multifariousness.

The Court over-ruled the demurrer, and this decision is assigned as error.

The Court ordered the defendants to answer by the next term of the Court, the defendants objecting, 1st.  Because no usual rule had been taken.  2d.  Because there were several pleas in bar which had not been heard or determined.   Of the filing of these pleas, the complainants had no notice.

This order for answers is also assigned as error.

Judge BENNING having been of Counsel, did not preside in this case.

JONES & JONES for plaintiff in error.

H. HOLT, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The view we have taken of this case, supercedes the necessity of considering many of the questions which have been discussed by Counsel.   And we propose to dispose of it very briefly.

And first, our conclusion is that the bill is not obnoxious to the charge of multifariousness.   True, John Mitchell acted as both executor of William Moughon, deceased, and as guardian of Sarah, the infant daughter of his testator.   Still, he having died, abundantly solvent as the pleadings admit, and Alexander McDougald having qualified as executor upon the estate, and taken the exclusive possession and control thereof, amounting to $100,000 or some other large sum, he either retained in his hands assets sufficient to cover the indebtedness of Mitchell, in any and every capacity, or he is liable for neglect of duty in failing to do so.   The entire solvency of Mitchell's estate which passed into the hands of McDougald, divests this transaction of all complexity, save that which the ingenuity of Counsel has thrown around it.   Moreover, McDougald having officiated in the double capacity of executor of Mitchell, and guardian of the minor, continues the unity of accountability, if I may use such expression, throughout.   It is suggested in the argument, that if we would substitute different persons in the various trusts exercised by Mitchell and McDougald, the incongruity of the present proceeding would be too glaring to be tolerated—no doubt of it.   And the identity of the parties is the best and only answer to the proposition.   McDougald is responsible for the delinquency of Mitchell, whatever it might be; and he received assets abundantly sufficient to enable him to account.   And when he became guardian, he settled with himself, in contemplation of law, as executor ; and if he did not, he

McDougald and others *vs.* Maddox and Wife.

ought to have done so; and in either event, his securities, or some of them, are liable.

Suits at Law have been brought against McDougald and his several sets of securities. Do the complainants show by them any special reason for resorting to Equity?

In *Alexander vs. Mercer et al.* (7 *Ga. Rep.* 539,) this Court held that Chancery would entertain jurisdiction of a bill filed against the principal and both sets of sureties, praying a discovery of the amount of the *devastavit* and the time when it occurred, in order to charge each set of sureties according to their respective liabilities on their bonds. But the bill in that case charged expressly "*that Mercer, the principal, was entirely insolvent.*" There is no such allegation in this bill. Indeed, it is not intimated but that McDougald, the principal, is abundantly able to respond to whatever recovery may be had, if any, against him. This being so, it matters not whether more or less is recovered in each particular case, and upon the several bonds upon which these different sets of sureties are sued. If McDougald is able to satisfy these various verdicts, should any be rendered, the interests of the sureties cannot be jeopardized; and no question will or can ever arise as to their respective rights and equities. Their principal stands between them and danger.

The remedy at Law, then, is ample, and the parties must abide by their election to go into that *forum*. The bill might be sustained for discovery alone, to aid in the prosecution of the actions at Law, but for the fact that there are several Common Law suits, and the discovery should have been sought separately for each case; and all the suits cannot, we apprehend, be embraced in one bill for this purpose.

Our judgment, therefore is, that the demurrer should have been allowed.