Austin *et al. vs.* Raiford, administrator, *et al.*

61  125<br>e124 646

The heirs of Austin sued Raiford, of Muscogee, and Shipp, of Chatta-
hoochee county, in equity in Muscogee, alleging that the two men
had possessed themselves of their father's estate, but how much
each had they did not know, but asked discovery; that Shipp was
surety on the bond of the first administrator, who was dead and his
estate insolvent, and also of Raiford, who was administrator *de
bonis non;* that Shipp, from 1861 to 1866, possessed himself of
and held the assets of the estate, they being left with him by the
first administrator; that Raiford was insolvent; and prayed an ac-
count against Rayford as administrator *de bonis non,* and against
Shipp as surety for Raiford, and for the first administrator now de-
ceased, and also an account of the assets he had been possessed
of :

*Held*—1. That the bill is not multifarious.

2. That the remedy in equity is concurrent with, and more complete,
than at law.

3. That Shipp may be held to answer in Muscogee county.

Equity.   Administrators and executors.   Jurisdiction. Before Judge CRAWFORD.   Muscogee Superior Court.   November Term, 1877.

Reported in the opinion.

THORNTON & GRIMES; BLANDFORD & GARRARD, for plaintiffs in error, cited as follows : On multifariousness, Story's Eq. Pl., §§271 *a* & *b,* 284, 284 *a,* 533 ; 8 *Ga.,* 238; 9 *Ib.,*

278 ; 5 *Ib.*, 273 ; 2 *Ib.*, 415 ; 35 *Ib.*, 208. On equity in bill, Code, §§2528, 2600 ; 7 *Ga.*, 549, 587, 556 ; 16 *Ib.*, 213. Williams on Ex'rs, 823 ; 5 *Ga.*, 56. On jurisdiction, 17 *Ga.*, 52 ; 32 *Ib.*, 63.

D. N. Burts ; Peabody & Brannon, for defendants, cited as follows : On equity in bill, 17 *Ga.*, 123 ; 52 *Ib.*, 475. On jurisdiction, 38 *Ga.*, 407 ; Code, §4183 ; 18 *Ga.*, 668 ; 38 *Ib.*, 403, and authorities cited ; 29 *Ib.*, 34.

Jackson, Justice.

S. J. Austin and others, heirs at law of A. B. Austin, brought a bill to the superior court of Muscogee county, against E. G. Raiford, of Muscogee, and W. W. Shipp, of Chattahoochee county, to recover from them what was due from the estate of their father. The defendants demurred to the bill on the several grounds that there was an adequate remedy ·at law, and hence no equity in the bill, that the same was multifarious ; and for Shipp, that he could not be sued in Muscogee, as he lived in Chattahoochee county. The court sustained the demurrer after ordering the bill amended in a certain way, which was not done, and error is assigned upon the dismissal of the bill.

The allegations are substantially that one Bonnell administered on the estate of Austin, and gave bond in $50,000.00, with Shipp as his security, in 1860 ; that Bonnell went to the war in 1861 and left the assets of the estate in the hands of Shipp, his surety ; that Bonnell died in 1864, and Shipp held on to the assets, there being no administration, until 1866, when Raiford, then of Chattahoochee county, administered *de bonis non*, giving the same Shipp as his surety in a bond of $2,500.00 ; that Raiford moved into, and lives in, Muscogee county ; and it prays an account from Raiford, the administrator *de bonis non*, and Shipp as his surety, and from Shipp as surety of Bonnell, and possessor of the assets of the estate delivered to him by Bonnell when he went to the war. The bill alleges further that Bonnell's estate is insolvent and that Raiford is insolvent. It also alleges that

the complainants do not know how much of the property coming to them from their father's estate is in Raiford's hands as administrator *de bonis non,* and how much in Shipp's, and it seeks discovery.

Was the bill multifarious? It seems that Shipp and Raiford are tied together as principal and surety on one bond, and the whole estate is in the hands of the two men—the larger part perhaps in Shipp's, and a less sum in Raiford's, but the complainants do not know how much each has.

The subject-matter of the bill is the one estate—the estate of Austin, deceased. Some of the assets are in the hands of each, but these complainants are suing for the whole estate, and ask these men to tell what it is, and what they and each of them have of it. Mixed as they are, in that they are principal and surety, and mixed in that they have between them what is coming to these heirs, and ignorant as the heirs are how to charge each, we think that the bill is not multifarious, but that both may be held together in one bill, as *tort feasors* of property which they were bound in equity to take care of for other people. The one is a surety and *an executor de son tort, quasi,* in one sense, and the other an administrator *de bonis non* of the goods not administered by the first administrator, and by this surety who had charge of all for five or six years. We cannot see why they may not be sued in equity together.

2. Was the remedy complete at common law on the bonds? It was not as to Shipp, because he was chargeable in equity outside of the obligation of the bonds he made, in that he got possession of the estate, or a large part of it, and can be made to account for it, whatever actually got into his hands, independently of the bonds and if he had never signed one. It was not complete as to Raiford, because they prayed discovery; and the rule is where equity gets jurisdiction for discovery it goes through, not half-way, and pushes on to complete relief. Besides, in matters of estate the jurisdiction of equity is concurrent any way, as it is in all trusts.

3. Could Shipp be sued in Muscogee? If he could be joined with Raiford he could, because substantial relief is prayed against Raiford. He may not be insolvent forever, and a decree against him may be productive. Even if not productive, it is substantial if he owes the estate and the prayer is that he account. If he owes, equity may bring to bear upon him modes to enforce its decree which law cannot use.

It was certainly wrong to dismiss the bill in so far as he was held to answer as surety for Raiford, and holding him to account for that much, equity will not let him go till he accounts for all he owes the same people growing out of his connection with the same estate. No doubt the main attack is on Shipp, but Raiford is also assailed.

Taking all the charges together and the peculiar facts of this case, especially the connection of Shipp with the estate, both as surety and active manager of the estate for some time, we hold that the case should have been retained in Muscogee as to both parties, and reverse the judgment sustaining the demurrer and dismissing the case. See Code, §§2600, 2528; 17 *Ga.*, 52.

Judgment reversed.