PARK *vs.* PARK.

A court of equity has jurisdiction to settle a trust estate at the time
     provided for the termination of the trust.    That a court of law may
     have concurrent jurisdiction will not oust that of a court of equity.
     Especially so where fraud in the management of the trust is charged.
(*a.*) Where a will provided a legacy for a minor to be paid to her upon
     her arrival at majority, and that until then the executor should keep
     the property and money so bequeathed free from liability to account
     for hire or interest, a bill by the legatee, after she became of age, to
     compel an account and settlement of the legacy itself, and charging
     fraudulent use of the funds by the executor, was not demurrable
     for want of equity.

Equity.    Fraud.    Trusts.    Before Judge LAWSON.
Greene Superior Court.    March Term, 1880.

Nancy E. Park filed her bill against James B. Park,
alleging, in brief, as follows: In 1862 Betsy Ann Park
died testate.    By her will she left to complainant a legacy
consisting of certain personalty and two thousand dollars
out of the money then on hand ; there was on hand four
thousand dollars in specie.    Very shortly after the testa-
tor's death, the executor sold this specie for Confederate
money at a premium, and used the money so received to
pay his own debts.    He has frequently admitted the jus-
tice of the claim, and has declared his intention to pay it.
He never made any returns except one, which, with the
appraisement, was made in 1863.    Both were illegal and
fraudulent.    In 1880, after complainant had demanded
her legacy, he endeavored to make a return and to keep
the same secret, thereby evidencing his intention to de-
fraud her.    She became of age in 1870, and has since

demanded payment of her legacy, which has been refused. The object of the bill was to have an account and settlement.

Defendant demurred to this bill on the following grounds:

(1.) For want of equity.

(2.) Because there was an ample common law remedy.

(3.) Because the returns of the executor were not exhibited to the bill.

By amendment he demurred to all that part of the bill relating to such returns. The court sustained this ground of demurrer, and struck that part of the bill. The other grounds he overruled. Defendant excepted.

JAS. B. PARK; JNO. C. REED; F. C. FOSTER; M. W. LEWIS & SONS, for plaintiff in error.

COLUMBUS HEARD; WM. H. BRANCH; P. B. ROBINSON, for defendant.

JACKSON, Chief Justice.

This bill was brought by the complainant against the defendant as executor of the will of her aunt, for account touching certain chattels, and especially for two thousand dollars, all of which was bequeathed as a legacy to complainant in an item of decedent's will. The defendant demurred on the ground that there was no equity in the bill, and that the remedy at law was adequate and complete. The court overruled this demurrer and error is assigned here thereon.

The relation between the parties is that of trustee and *cestui que trust*, and in such cases equity has jurisdiction. Code, §§3130, 3193; 61 *Ga.*, 125.

Besides, fraudulent conduct is charged in the bill. Even if a court of common law had concurrent jurisdiction, that would not oust equity on matters within its

v 65—48

peculiar province.  Code, §3096.  Our courts of equity have generally the same jurisdiction as English chancery courts.  Code, §3100.  And in England the jurisdiction is clear.  Williams on Ex'rs, 1645 ; 5 Term., 690.

Judgment affirmed.