## McDougald, Adm'r, *et al. vs.* Maddox and Wife.

1. When a guardian is charged by his former ward with being guilty of *devastavit*, and he has given different bonds, with additional or different securities, in the course of his guardianship; a bill may be filed against the guardian and the different sets of securities, praying a discovery of the amount of the *devastavit* and the time when it occurred, in order to charge each set of securities according to their respective liabilities on their bonds—Provided, the bill charges—the total or partial insolvency of the principal, or a well grounded apprehension that the guardian will be unable to satisfy the recovery which may be obtained against him.
2. To make the dismissal of a former bill a bar to the bringing of a second, the material allegations in both must be the same.

In Equity, in Muscogee Superior Court.    Decided by Judge Worrill, at the May Term, 1860.

This case was continued from the last to the present term of this Court, and the questions presented in the record for adjudication arise out of the following state of facts:

William Moughon died in the county of Jones, leaving an estate worth fifty thousand dollars, one-half of which was

bequeathed to his daughter, Sarah E. Moughon. On the 1st of November, 1830, John Mitchell qualified as Moughon's executor, and took possession of his estate. In the year 1835, Mitchell obtained letters of guardianship of the person and property of Sarah E. Moughon, and continued as such executor and guardian, without making any settlement or returns until his death in Harris county, in the year 1841. The said Mitchell made a will, and appointed Alexander McDougald his executor, who, upon the death of his testator, took possession of his estate, worth $100,000, or other large sum, and thereby became liable to account to the minor, Sarah E. Moughon. In 1841, Alexander McDougald became the guardian of Sarah E. Moughon, giving bond as such, with Daniel McDougald, Elizabeth Mitchell, and William C. Osborne as his sureties. In 1842, Osborne complained to the Inferior Court of Harris county, sitting for ordinary purposes, that Alexander McDougald was mismanaging the estate of his ward, and asked to be discharged, and the proceeding resulted in adding to the original bond the names of George H. Bryson, James C. Huey, Miles Moore, Richard W. Armer, and Spencer Reynolds as sureties, Osborne's name remaining on the bond as before. In the year 1847, Alexander McDougald removed his doings, returns and proceedings from Harris to Muscogee county, and gave a new bond, with Daniel McDougald and Duncan McDougald as sureties. On the 9th of October, 1850, the said Sarah E. Moughon intermarried with William A. T. Maddox, who called on Alexander McDougald for an accounting and settlement of his trust as guardian of the said Sarah E. McDougald then delivered to Maddox forty-nine negroes, and paid him $986 18, for which Maddox and wife receipted as a part of the estate of the said Sarah E., in the hands of the said guardian. Alexander McDougald, failing to account for the hire and profits of the estate of the said Sarah E., actions were commenced, to the May Term, 1852, of Muscogee, for the use of said Maddox and wife, against the said Alexander McDougald, and his said sureties respectively, on the guardian's bonds aforesaid.

To these actions, various defences were set up by the sureties, involving the question of Osborn's liability after the names of additional sureties were placed to the bond in Harris county; and the liability of all the sureties to the bond in Harris, after the bond in Muscogee county was given, and also involving the question as to the relative and proportional liability of said sureties, if liable at all. Huey, Moore and Spencer were not sued in the action on the bond, because the first two had removed beyond the jurisdictional limits of the State, and the last had died insolvent, and his estate was unrepresented.

Daniel McDougald died before the commencement of the actions, and Ann E. McDougald was appointed administratrix on his estate.

Pending the suits on the bonds, the said Maddox and wife filed their bill in equity, against the guardian, and all the sureties, (except the three before stated—two as being out of the State, and the other dead, without a representative,) in which they alleged the foregoing facts, and also, that the estate of the said Sarah E., produced, or should have produced, large profits in the hands of Mitchell, for which his estate in the hands of his executor was chargeable, and also that that the estate of the said Sarah E. produced, or should have produced, large profits, amounting to $3,500, or $3,000 per annum, in the hands of the said Alexander McDougald: that without a discovery from the defendants, the complainants cannot allege and prove at what time the several breaches of the guardian's bond occurred, so as to distribute and apportion the liability therefor amongst the several sureties, upon the respective bonds given as aforesaid; and that they cannot prove the annual profits of the estate of the said Sarah E., without a discovery from the defendants.

The bill prayed that the common law actions might be enjoined until the hearing of the bill, and for a decree in the complainants' favor for the amount due them, against the defendants, according to their respective liabilities.

The defendants met this bill with a demurrer on three grounds: 1. For want of Equity. 2. Because of the pen-

dency of the common law actions.   3. For multifariousness.

The Court overruled the demurrer, and the defendants excepted to the decision, and carried the same by bill of exceptions and writ of error, to the Supreme Court, by the judgment of which, the judgment of the Court below was reversed, the said Supreme Court deciding: 1. "That the bill filed against McDougald, and the several sets of sureties, was not objectionable on the score of multifariousness." 2. "That actions having been instituted *at law* upon each of the bonds, the remedy was ample; and that a bill filed against the principal, and all the different sureties, could not be entertained, there being no allegation of the insolvency of the principal." 3. "That where several suits are pending at law, if discovery is needed, and a resort is had to Chancery to obtain it, a separate bill must be filed in each case; and the whole cannot be consolidated for that purpose."

At the December Term, 1854, of Muscogee Superior Court, adjourned to the 12th of June, 1855, by an order regularly taken, the judgment of the Supreme Court was made the judgment of said Superior Court; and an order taken that the demurrer to said bill be sustained, and said bill be dismissed, and that defendants have judgment against the complainants for costs, to be taxed by the Clerk.

On the 22d of January, 1856, William A. T. Maddox, and his wife, Sarah E. Maddox, formerly Sarah E. Moughon, filed a second bill in equity, in Muscogee Superior Court, against Alexander McDougald, William C. Osborn, George H. Bryant, Richard W. Amer, Elizabeth Mitchell, Duncan McDougald and Robert E. Dixon, as the Administrator of Daniel McDougald, deceased, in which bill, the charges and allegations contained in the first bill, which was dismissed, were fully and substantially made and reiterated, with the additional charge and allegation (not contained in the dismissed bill) in the following words, to-wit: " Complainants are informed, and believe, and so expressly charge, that the said Alexander McDougald, the principal in each of said bonds, is insolvent, and unable to pay the recovery that may be had in said cases on said bonds; and that whatever recov-

eries may be had thereon, will have to be paid by the sureties on said bonds according to their respective liabilities when the same is ascertained and apportioned, as sought in and by this, their bill of complaint. And they further charge, that if the said Alexander McDougald, is not totally insolvent, his means are limited in amount, greatly below the amount due to the complainants on said bonds, and that much the larger portion, if not all of said recoveries will have to be paid by said sureties, on the said judgments, when rendered."

The prayer of the last bill was substantially the same as that of the first.

Pending the bill, Alexander McDougald died, and Frances L. McDougald, administratrix on his estate, was made a party defendant in his stead.

This bill was met by the defendants, with a plea, setting forth the first bill; all the proceedings had on the same; the demurrer filed thereto; the judgment of the Court below thereon; the reversal of that judgment by the Supreme Court; and the final judgment of the Superior Court dismissing the bill, and awarding judgment for costs against the complainants, all of which the defendants insist, constitute a bar to any recovery in and by the second bill.

Also, by a demurrer to the said bill.

After argument had, the presiding Judge passed an order overruling both the plea and demurrer, and requiring the defendants to answer the bill.

This decision is the error alleged in the record in this case.

JOHNSON and SLOAN for plaintiffs in error.

HOLT and DOUGHERTY for defendants in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

In Alexander vs. Mercer and others, (7 Ga. R., 549) this Court held that where an administrator, upon the discharge of his first sureties, gave a new bond, and subsequently became insolvent, equity would entertain jurisdiction of a bill, filed against the administrator and both sets of sureties, praying a discovery of the amount of the *devastavit* and the *time* when it occurred, in order to charge each set of sureties according to their respective liabilities on their bonds.

The case now before us, was brought before this Court at Columbus, January term, 1855, upon the following brief summary of facts:

Wm. Moughon died testate, appointing John Mitchell his executor—who qualified and took possession of his estate; who was afterwards appointed guardian of Sarah, the infant daughter of the testator. Mitchell, after managing the estate for many years, died testate, without dividing the estate, constituting Alexander McDougald and others his executors; McDougald qualified and took exclusive possession and control of the estate of Mitchell, amounting to $100,000. McDougald was also appointed guardian of the minor; and owing to the transfer of the guardianship from Harris to Muscogee county, and other causes charged in the bill, several bonds, with different sets of securities, were given. Actions were commenced at law on the several bonds; and pending these suits, Maddox and wife, (formerly Sarah Moughon,) filed their bill against the principal and all of the sureties on both bonds, alleging the foregoing facts; and further, that it was impossible to prove *at law* at what time the guardian committed the breaches complained of, in order to distribute the liability properly among the several sets of sureties upon their respective bonds. That the several sets of securities denied that the breaches occurred during the time of their liability; and cast upon the complainants the *onus* of proving the same—which the complainants charged it was impossible for them to do. The bill prayed for discovery and relief.

To that bill, a demurrer was filed, 1st, for want of equity, 2nd, on account of the pending of the common law actions, and 3d, for multifariousness.

The Court held, 1st. That the bill was not objectionable on the ground of multifariousness.    2d. That actions having been instituted *at law* upon each of the bonds, the remedy was ample ; and that a bill filed against the principal and all the different sureties could not be  entertained, *there being no allegation* of the *insolvency* of the *principal;* and 3d, that where several suits are pending at law, if discovery is needed, and a resort is had to Chancery to obtain it, a separate bill must be filed in each case ; and the whole cannot be consolidated for that purpose.

Our conclusion in the case, consequently, was that the demurrer to the bill should have beeen allowed.  (McDougald *et al. vs.* Maddox and wife, 17  Ga. R., 52.)   We reaffirm that decision.   If the principal be solvent, you never can reach the sureties, of course, so as to lay a  foundation for a bill in  equity, to settle their conflicting interests ; as Courts do not sit to adjudicate abstract questions but practical issues.

The case went back to the Circuit Court, and instead of being amended by the complainants, as it was their right to have done under the Act of 1853–4, which allows a complainant in equity to amend his bill *at any stage* of the proceeding—and this was *a stage* at which it was amendable, as ruled by the Court in Walker vs. Cook, the first bill was suffered to be dismissed.   17 Ga. R., 126.

The complainants have filed a second bill, substantially, if not literally the same as the first, with this additional charge not contained in the dismissed bill—"Complainants are informed and believe, and so expressly charge that the said Alexander McDougald, the principal in each of said bonds, is insolvent, and unable to pay the recovery that may be had in said cases on said bonds ; and that whatever recovery may be had thereon, will have to be paid by the sureties on said bonds, according to their respective liabilities, when the same is ascertained and apportioned as sought in and by this their

bill of complaint. And they further charge that if the said Alexander McDougald is not wholly insolvent, his means are limited in amount greatly below the amount due the complainants on said bonds, and that much the larger portion, if not all, of said recovery will have to be paid by said sureties on the said judgments when recovered."

To this bill, thus amended, the defendants demurred for want of equity; and also plead the first bill and the judgment of the Court thereon in bar to any recovery in the second bill. The presiding Judge overruled both the plea and demurrer; and the defendants excepted, and now assign the same as error.

Adhering, as we do, to the decision in Mercer's case, in 7th Georgia, we hold with the Circuit Court, that there is equity in the bill. Indeed, the equity of this bill is stronger than it was in that, for the reason, that while the facts are in the main similar, they are rather more complicated in this case, owing to the proceedings which took place in Harris county, under the first bond given by McDougald.

It is objected to the additional allegation in this bill that while it charges in the first instance the insolvency of McDougald, it then modifies the charge by stating that if not totally insolvent his estate is insufficient to answer the amount of his liability to the complainants. The defendants insist that taking the averment most strongly against the pleader that it only alleges that the principal's means are limited greatly below the amount which the complainants are entitled to recover; and that a portion of the recovery will fall upon the securities. Concede this. Still if there is any deficiency to be collected out of the securities the equity of the bill is undiminished. I will go further. If complainants in this and the like cases, allege a well grounded apprehension, that from any cause whatever, they have reason to fear that the property of the principal will not be enough to satisfy their recovery when obtained, the equity of the bill will remain unaffected. It is only where the principal is *solvent* that they lose their right to come into equity. True, the party interested has the right under the statute to sue principal

McDougald, adm'r, *et al.*, *vs.* Maddox and Wife.

and security in the same action; but looking only to their own convenience, who will act so unwisely as to court unnecessary delay and expense by seeking to involve securities, when the principal is abundantly able to respond. If indiscreet enough to do this when there is no necessity for it, the aid of a Court of Chancery will be invoked in vain to interpose to relieve the party·from an embarrassment voluntarily incurred, for the simple reason that there was no relief needed.

And suppose the plaintiff sues principal and securities together at law on any one of the bonds, and that set of securities prove satisfactorily ·that the *devastavit* did not occur during the time for which they were liable—the difficulty suggested in Mercer's case, 7th Georgia—still a judgment will go for the whole amount against the principal; and if he be good, what matters it that the securities get off?

Some question was made as to the non-joinder and misjoinder of parties. If this ground was well taken, the bill could be amended. But our judgment is that no necessary parties are omitted.

Is the plea in bar good?

It is well settled by this and all other Courts, that the dismissal of a former bill is only a good plea in bar when the material allegations in the two bills are the same; (7 Johns, Ch. Rep. 1; 3 DeSaussure Rep., 63.) Now the former bill failed to allege the insolvency of McDougald; and was dismissed because the complainants showed no title to the relief which they sought. The present bill contains that averment; in other words the complainants show title to the relief which they seek. The two bills, then, are materially different, and consequently the dismissal of the first constitutes no bar to the bringing of the second.

Judgment affirmed.