GLAZE *v.* BOGLE *et al., commissioners, et al.*

1. The board of commissioners of roads and revenues of the county of Whitfield has jurisdiction to hear and determine a petition by citizens interested in the matter to remove obstructions from an alleged public highway in the county; and where a party files objections to the granting of such petition, on the ground that such alleged highway is not a public road, and the issue thus made is decided against her by the board, and the decision is affirmed by the judgment of the superior court upon certiorari proceedings instituted by her, to which no exceptions are filed, such issue as to her becomes res adjudicata.

2. Where a petition for injunction is brought against the board of commissioners of a certain county and the road commissioners of a district of that county, such petition can not be amended by making the county a party defendant and praying damages against it.

3. Where a plea of res adjudicata sets up a judgment in a former suit between the same parties and in the same court and a copy of the former record is annexed, the question can not be determined upon the pleadings but there must be proof of the truth of the plea or an admission of its truth by the plaintiff.

Argued June 16, — Decided July 26, 1898.

Equitable petition. Before Judge Fite. Whitfield superior court. October term, 1897.

*R. J. & J. McCamy,* for plaintiff.

*Jones, Martin & Jones,* for defendants.

SIMMONS, C. J. In December, 1893, Dyer and others filed an application to the board of commissioners of roads and revenues of Whitfield county, alleging that a certain road in that

county was a public road and had been so for forty-odd years, and asking that an overseer be appointed and assigned to put the same in good order and to remove obstructions from it. Mrs. Glaze, the present plaintiff in error, appeared before the board and filed objections to the granting of the petition, on the ground that the road was not a public but a private one. A trial was had before the board, each side introducing its witnesses who testified pro and con as to whether the road was public or private. The board found that it was a public road and ordered it opened and put in order. Mrs. Glaze filed her petition for certiorari to the superior court, complaining that the board of commissioners had found contrary to law and the evidence. The certiorari was sanctioned, and, at the hearing thereof by the judge of the superior court, it was overruled. No further action was taken by Mrs. Glaze in this proceeding. In 1895, she filed her equitable petition against the board of commissioners of roads and revenues of the county and the three road commissioners of the militia district wherein the road lay, praying that they be enjoined from opening the road, and making in the petition the same allegations which she had already filed before the board. While the petition was pending, before the final trial, she offered to amend the petition by. making Whitfield county a party defendant and praying damages against the county. This amendment was disallowed, and she filed exceptions pendente lite which are a part of the record in this case, error being properly assigned thereon in this court. The defendants answered the petition and filed a plea of res adjudicata, attaching thereto the petition for certiorari in the former case, the answer of the board, and the judgment of the judge of the superior court overruling the same. When this plea was read, it appears from the record that defendants' counsel moved the court to direct a verdict in defendants' favor. The court granted this motion, and Mrs. Glaze excepted. Three questions are raised by the bill of exceptions. The first and most important in the case is, whether the plea of res adjudicata filed by defendants set up such a judgment of such a court as barred plaintiff from taking any further action in the case; second, whether the refusal of the judge to grant the amendment,

making the county a party defendant, was error; and third, whether, even if the plea set up a judgment which was a bar, the court erred, when the plea was read, in directing a verdict without requiring proof as to the truth of the plea.

1. On the first question it was argued by counsel for plaintiff in error, that the judgment pleaded by the defendants was not the judgment of a court that had jurisdiction of the subject-matter, and that the judgment was therefore void and could not bar plaintiff from obtaining relief in this action. We think that the board did have jurisdiction to determine the matter in dispute. It will be recollected that the sole question before the board was whether the road was a public or a private one. No rights of property, real or personal, were involved. If the road had been properly established as a public road, it was the duty of the board to have it opened and worked. · The board, under the act creating it, had the same powers over roads as had the justices of the inferior courts prior to 1868 when those courts were abolished. The justices of the inferior courts had power · and jurisdiction over all public roads which had been established by an act of the General Assembly or by an order of the justices of the inferior court. Code 1863, § 574 et seq. The board found, upon sufficient evidence, and upon pleadings so authorizing, that this road had been established by the justices of the inferior court of Murray county, before the county of Whitfield had been created by the legislature, and that the road had never been abandoned as a public road. It could not, therefore, have been a private road, as contended for by plaintiff in error. It not being a private road, she was not entitled to any damages from the public nor was the title of her land involved. It was, therefore, not a proceeding to condemn a right of way as provided in the code. If the board, in the trial of this question, had found from the evidence that the road had never been established by proper authority, or that it had been abandoned by the action of the county authorities, its judgment would doubtless have been different. We think, therefore, that the board had jurisdiction of the subject-matter, and that the plea filed by defendants, if it had been properly proved, would have barred the plaintiff from any further action in the matter.

2. The cause of action alleged in the original petition was to enjoin the board of commissioners of roads and revenues and the road commissioners from opening the road. By the amendment offered it was sought to make the county a party defendant and damages were prayed against it. There was no error in disallowing this amendment. It sought to introduce a new and distinct party and a new and distinct cause of action. *Arnett* v. *Board etc., 75 Ga.* 782; *Hunnicutt* v. *Stone, 85 Ga.* 435; *Bennett* v. *Walker, 64 Ga.* 326.

3. The court, when the plea of res adjudicata was read, without any evidence having been introduced, directed the jury to sustain the plea by finding a verdict for the defendants. We think this was error. This plea should have been proved just as any other. While it was true that the judgment pleaded was alleged to have been rendered by the same court, upon the same cause of action, and that this judgment was on the records of the court, still we think that the burden was on the defendant to show the truth of the plea, and that the court could not, without proof, take such judicial cognizance of its records as to direct a verdict in this case. When such a plea is filed, the defendant assumes the burden and must show its truth to the court and jury. There is nothing in the record to show any admission by the plaintiff of the truth of the plea, and the judgment set up, not being rendered in the same case, could not be judicially recognized by the court without proof. In the case of People *v.* de la Guerra, 24 Cal. 73, Sawyer, J., in discussing this identical question, said: "But, if considered as a part of the answer, still the question can not be determined upon the pleadings. The pleadings raised an issue. . . . The issue must be tried and the facts found, before the answer can be assumed to be true. In the trial of one case the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court; much less can this court take notice of the existence of a record not introduced in evidence in the court below. There was no trial in this case, but the question was determined upon an inspection of the pleadings."

*Judgment reversed. All the Justices concurring.*