### 4117.   O'CONNOR *et al. v.* UNITED STATES OF AMERICA, for use, etc.

1. Whenever, in a suit in one of the courts of this State, the contents of a public document of the United States government become material as evidence, a duly certified copy of such document is the best evidence of which the nature of the case will admit, the original of the document being required, by the acts of Congress and the rules and regulations of that department of the United States government having custody of the paper, to be kept on file in the proper office of such department.

2. When suit is brought in a justice's court upon a written instrument other than an unconditional contract, it is not necessary that the defendant shall file his defense at the first term. The marking of the name of his counsel on the docket is sufficient appearance, and the defendant may make his formal defense at any time before final trial.

3. This being an action upon the bond of a contractor with the United States government, conditioned to pay the claims of all laborers and materialmen which the contractor failed to settle, and there being no proof either of the breach of the bond or of the amount which the plaintiffs were entitled to recover, a verdict and judgment in favor of the plaintiffs were unauthorized, and should have been set aside on certiorari.

4. In the trial of one case the court can not take judicial notice of the record of another case even in the same court, without its formal introduction in evidence.

DECIDED JUNE 5, 1912.

Certiorari; from Richmond superior court—Judge H. C. Hammond. January 15, 1912.

Goodrich contracted with the United States government, through one of its quartermasters, to erect a public building, and gave bond, payable to the United States of America, with O'Connor and Schweers as sureties, in which it was stipulated that Goodrich should make full payment to all persons supplying him with labor or materials in the prosecution of the work. William M. Byrd & Company furnished certain materials to the contractor, and, upon his failure to pay for them, sued him in a justice's court and obtained a judgment. Suit upon the bond was afterwards brought in the justice's court, in the name of the United States of America, for the use of Byrd & Company, to recover the amount of that judgment. No written defense was filed at the first term, but counsel for the defendants marked his name upon the docket; and at the trial, during a subsequent term, they offered a written plea denying the allegations of indebtedness and demanding proof thereof. The magistrate refused to allow this plea to be filed. The plaintiff introduced in evidence a certified copy of Goodrich's contract for the erection of the building, and certified copies of contracts relating to alterations to be made in the building, and to extensions of the time limit within which the work was to be completed, to which extensions the sureties on the bond had assented in writing. To the introduction of these papers objection was made, on the ground that the originals were the best evidence, their loss or destruction not having been shown. No other evidence was introduced. Judgment was entered against the defendants for the amount sued for. By their petition for certiorari they complained of this judgment and of the previous rulings stated. The certiorari was overruled, and they excepted.

*D. G. Fogarty,* for plaintiffs in error.

*C. H. & R. S. Cohen,* contra.

POTTLE, J. 1. The contract and the bond to secure its performance were made under the provisions of the act of Congress of August 13, 1894, c. 280, 28 Stat. § 278 (U. S. Comp. St. 1901, p. 2523). That section provides, among other things, that "any person or persons making application therefor, and furnishing affidavit to the department under the direction of which said work is being, or has been, prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States, for his or their use and benefit, against said contractor and sureties, and to prosecute the same to final judgment and execution." The right to sue was not restricted to courts of the United States; and hence it was competent for the plaintiffs to institute their action in any court of the State, of competent jurisdiction. Mondou *v.* New York, New Haven & Hartford R. Co., 223 U. S. 1 (32 Sup. Ct. 169); Galveston, H. & S. A. R. Co. *v.* Wallace, 223 U. S. 481 (32 Sup. Ct. 205). The copy contract and bond which were offered in evidence were certified under the seal of the war department of the United States, by the quartermaster-general of the army. His certificate recited that the contract and bond thereto attached were true copies of the records of the war department, in the office of the quartermaster-general. There was a further certificate, signed by the acting secretary of war, that the person claiming to be such was the quartermaster-general of the army of the United States, and that full faith and credit should be given to his attestation as such.

We fully agree with counsel for the plaintiff in error that Congress has no right to prescribe rules of evidence for the State courts. *Small* v. *Slocumb,* 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 130, 81 Am. St. R. 50). All that the law of this State requires is that "the best evidence which exists of the fact sought to be proved must be produced, unless its absence is satisfactorily accounted for." Civil Code (1910), § 5748. Secondary evidence is defined to be "such as from necessity in some cases is substituted

for stronger and better proof." Id. § 5750. The originals of the contract and bond were on file in the office of the war department at Washington, and were, therefore, inaccessible to the plaintiffs. The statutes of the United States require such records to be kept on file in the proper office of the government. When, in a suit in a court of this State, the contents of a public record of the United States government, on file in one of the departments, become material as evidence, the law of this State will not require a suitor to produce the original record, but a duly authenticated copy is admissible in evidence, not by virtue of any act of Congress undertaking to prescribe rules of evidence for the State courts, but under and in pursuance of the rules of evidence prescribed by the legislature of this State. Such is the uniform current of authority. See 17 Cyc. 345-346, and cases cited. In *Huckabee* v. *State,* 7 *Ga. App.* 677 (67 S. E. 837), this court held that a certified copy of a record in the office of the collector of internal revenue of this State, showing the names of all persons who had paid special taxes in his district, was admissible in evidence, for the purpose of showing that a particular person had paid the special tax as a retail liquor dealer. That decision was rendered before the passage of an act of the General Assembly of this State, making such a record admissible in evidence in the courts of this State, and was decided upon the general rules of evidence prevailing in this State at the date of the decision. The decision is really controlling upon the point presented in the present case. Moreover, it is to be observed that the act of Congress upon which the suit is predicated expressly provides that any person furnishing labor or materials shall have a right to bring suit upon a duly certified copy of the contract and bond. This would seem to be something more than a mere rule of evidence. The statute creates a right to sue upon the copy contract and bond. It does not say that when suit is brought upon the original bond a certified copy will be admissible in evidence, but it says that the suit itself may be brought upon a certified copy of the bond. Under the very terms of the act of Congress, a certified copy stands, for all purposes, in lieu of the original bond. There was no objection to the jurisdiction of the State court; and, having assumed jurisdiction, it was incumbent upon the Georgia court to give full effect to the act of Congress upon which the suit was predicated.

The further objection was made that the certificate to the con-

tract and bond was not in the proper form, because it recited that the contract and bond attached were true copies of records of the war department in the office of the quartermaster-general, and that it did not appear, from the evidence, that these copies were true copies of the original contract and bond. The recital in the certificate that the papers attached were copies of records of the war department sufficiently indicates that they were copies of the originals in that department. It is not to be presumed that the war department would have on file simply copies of a contract and bond executed with the United States government, but the presumption is that the records on file in that department were the original documents, of which copies were attached to the certificate.

2-4. The magistrate was evidently of the opinion that the suit was upon an unconditional contract in writing, and that therefore it was necessary, under § 4734 of the Civil Code, for the defendants to make their defense at the first term. *G., F. & A. Ry. Co.* v. *Sheppard,* 3 *Ga. App.* 341 (59 S. E. 717). In *Smith* v. *Chivers,* 6 *Ga. App.* 154 (64 S. E. 493), it was held that the defendant in a justice's court, when sued on an unconditional contract in writing, must appear and make his defense at the first term, either by pleading or by marking his name or that of his attorney on the docket. When the contract sued upon is not unconditional, there is no requirement that the defendant shall make his defense in the justice's court at the first term. He may do so at any time before final trial, even on the appeal. *Lewis* v. *Nevils,* 97 *Ga.* 744 (25 S. E. 409). The magistrate, therefore, erred in refusing to permit the defendants to enter their defense at the trial.

It was also error to award judgment in favor of the plaintiffs. The plaintiffs failed to make out their case. There was no proof of the breach of the bond, nor of the amount which the plaintiffs were entitled to recover.

It is argued, in the brief of counsel for the defendants in error, that, the judgment against Goodrich having been rendered in the same court in which the suit on the bond was pending, the court had a right to take judicial cognizance of the existence of this judgment and of the amount which had been recovered thereon against Goodrich. This contention is effectually disposed of by the decision in the case of *Glaze* v. *Bogle,* 105 *Ga.* 295 (31 S. E. 169). In that case a plea of res judicata was filed, setting up a judgment

in a former suit between the same parties in the same court. When the plea was read, the judge, without any evidence having been introduced, directed the jury to sustain the plea by finding a verdict for the defendants. The Supreme Court held: "In the trial of one case the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court; much less can this court take notice of the existence of a record not introduced in evidence in the court below." The judge of the superior court should have sustained the certiorari and remanded the case for a new trial.                    *Judgment reversed.*