REDWINE *et al. v.* FRIZZELL *et al.*

No. 12264.   MAY 13, 1938.   REHEARING DENIED JUNE 18, 1938.

*Norman I. Miller,* for plaintiffs.
*W. O. Wilson* and *Armistead & Patrick,* for defendants.

GRICE, Justice. In *Kimbro* v. *Virginia & Tennessee Ry. Co.,* 56 *Ga.* 185, it was in effect held that a dismissal of a declaration on general demurrer will bar a second declaration for the same cause of action, though it contains additional allegations, if by way of amendment they could have been incorporated in the first. In *Perry* v. *McLendon,* 62 *Ga.* 598, Mr. Justice Bleckley said: "The effect of a judgment can not be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and, if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case, and not certain of its limbs only, that the final judgment takes hold upon." In *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012), this court ruled that a dismissal on demurrer of a petition based on the same facts bars another action on such facts, and that a second suit in such case is not maintainable merely because the plaintiff therein seeks other and further relief. In *Greene* v. *Central of Ga. Ry. Co.,* 112 *Ga.* 859 (38 S. E. 360), a general demurrer to a petition brought for the recovery of damages was sustained. It was held that such was a bar to a second suit by the same plaintiff against the same defendant, for the same cause of action, though the grounds of negligence in the second suit were different from those embraced in the first. In *Dodson* v. *Southern Railway Co.,* 137 *Ga.* 583 (73 S. E. 834), a suit was dismissed on general demurrer, and the judgment of dismissal was held proper as a plea in bar of a subsequent suit brought for the same cause of action, although the allegations of negligence were more complete than in the first. In the instant case there was not a single additional fact alleged that was not set up in the previous case between the same parties. Therein lies the distinction between this case and that of *McDougald* v. *Maddox,* 32 *Ga.* 63, relied on by counsel for the plaintiffs. That case arose before the passage of our uniform-procedure act, and on its first appearance in this court (17 *Ga.* 52), it was held, "that, actions having been instituted *at law* upon each of the bonds, the remedy was ample; and that a bill filed against the principal and all the different sureties could not be entertained, there being no allegation of the insolvency of the principal." In

the opinion it was said: "The remedy at law, then, is ample, and the parties must abide by their election to go into that forum." Later the complainants filed a second bill that contained an allegation of fact which the first bill did not contain; indeed the very allegation of fact, the absence of which from the first bill caused its dismissal on demurrer, to wit, the insolvency of the principal in each of the bonds. The court concluded that "The two bills, then, are materially different; and consequently the dismissal of the first constitutes no bar to the bringing of the second." The very opposite conclusion must be reached on a comparison of the two petitions for injunction now being considered. It does not appear that there was any formal plea of res judicata filed in the case at bar at the time the judge declined to grant an injunction. The plaintiffs in the bill of exceptions, after reciting the order refusing an injunction, "assign the said ruling, order, and judgment as error, and say that the court erred in denying a temporary injunction, on each and all of the grounds set forth in the petition therefor presented to said court and filed in said case." There is therefore no special assignment of error complaining that there were no pleadings before the judge that would justify him in denying the injunction on that ground. The bill of exceptions further recites that on the presentation of the petition to the judge he stated that he would take judicial cognizance of the record in his own court, and the previous decision of this court, in the former case between the same parties. Counsel were thus put on notice of what was in the mind of the court with reference to the effect of the previous decision. Had counsel at the time indicated to the judge an objection to his taking judicial cognizance of the former record, in the absence of pleadings in the instant case justifying his refusing an injunction on that ground (compare *Haiman* v. *Moses*, 39 *Ga.* 708; *Field* v. *Martin*, 49 *Ga.* 268; *Napier* v. *Strong*, 19 *Ga. App.* 401, 406, 91 S. E. 579, and cit.), and had error been assigned on his so taking judicial cognizance, we would have before us the question whether, on an application for injunction, the judge may refuse it in the first instance, without even issuing a rule nisi, and without any written response from the defendant, the refusal being based on matters of which the court takes judicial cognizance, which matters, if properly urged by the defendant, would constitute a valid reason why the

relief prayed for should not be granted. Under the present record no such question arises.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, Chief Justice, and ATKINSON, Presiding Justice, who dissent, because the ruling in the second headnote is contrary to the ruling in *Glaze* v. *Bogle,* 105 *Ga.* 295 (3) (31 S. E. 169).