CARTEN, administratrix, *v.* LOVELESS.

No. 13838. SEPTEMBER 12, 1941.

*A. C. Corbett* and *Howard, Tiller & Howard,* for plaintiff in error. *H. A. Etheridge,* contra.

GRICE, Justice. ■ The special plea, called by counsel for plaintiff in error a plea of res judicata, and designated by counsel for defendant in error a plea of estoppel, was stricken on motion. The correctness of this ruling raises only the question whether the plea was good in substance, since a motion to dismiss can reach no further than a general demurrer. The petition filed in DeKalb superior court sought to reform certain instruments and documents relating to a certain three-thousand-dollar loan made to McCollum, and particularly the deed given to secure the loan. It was prayed that the deed be decreed a first lien on the real estate involved; and that the petitioner be decreed the true owner and holder thereof. The plea, omitting the exhibits, is shown in the foregoing statement of facts. Attached thereto were such portions of two former actions between the same parties, one in Fulton superior court and the other in the city court of Decatur, as the defendant claimed to be material. The stricken plea set out that the issues sought to be raised in the present case had been adjudicated in these previous suits. This was a good plea, regardless of whether it appeared from the exhibits that the identical issue was included. This may be shown by aliunde proof. It was sufficient as a plea that it aver the fact that such issue had been actually litigated and determined. See *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833), and cit. *Phillips* v. *Hightower,* 190 *Ga.* 785 (10 S. E. 2d, 854).

Previous litigation between these same parties has heretofore been before this court and the Court of Appeals. *McCollum* v. *Loveless,* 185 *Ga.* 748 (196 S. E. 430); *McCollum* v. *Loveless,* 187 *Ga.* 262 (200 S. E. 115); *Loveless* v. *Carten,* 64 *Ga. App.* 54 (12 S. E. 2d, 175). It is by counsel for defendant in error urged, as a reason why the plea was properly stricken, that in one of the cases which came to this court the trial judge expressly eliminated the issue here involved, by the entering of an order containing this language: "Wherefore it is adjudged by the court that defendant's rights and title in said note are not dealt with in this proceeding, but are eliminated from same without an adjudication with reference thereto. . . The pleadings in the present case do not present the matter in proper form for an adjudication, . . and the matter is left open for an adjudication hereafter, if proceedings

to that end should be instituted." We are in the same connection referred to the bill of exceptions which came to this court in the case in which the order quoted above was entered, said bill of exceptions containing a recital that "said judgment, order, and decision has the further effect of withdrawing· from the case a portion of the questions and issues relating to said loan deed and the note it was given to secure," etc. The portion of the record referred to as being in a case formerly before this court is not a former appearance of the instant case. It was a different case brought in a different county. If counsel for defendant in error sought to rely on the above as a reason why the plea should not be sustained, he should have taken issue, and on the trial should have in an appropriate way made them a part of the record in the present case. The judge of DeKalb superior court could not take judicial cognizance of orders passed in another suit between the same parties in Fulton superior court, nor is this court, in this case, justified in so doing merely because of a recital in a bill of exceptions in a former and a different case between the same parties in this court. *Glaze* v. *Bogle,* 105 *Ga.* 295 (31 S. E. 169), is decisive of the question. In that case, the court laid down the rule: "In the trial of one case the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court; much less can this court take notice of the existence of a record not introduced in evidence in the court below. There was no trial in this case, but the question was determined upon an inspection of the pleadings." See *O'Connor* v. *United States,* 11 *Ga. App.* 246 (75 S. E. 110) ; *Durham* v. *Ramhurst Lumber Co.,* 145 *Ga.* 189, 190 (88 S. E. 932) ; *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389, 391 (200 S. E. 294). The reference in *Frank* v. *State,* 142 *Ga.* 741, 761 (83 S. E. 645, L. R. A. 1915D, 817), was as to the right of a court to inspect the records in a former appearance of the same case. The ruling in *Ellis* v. *First National Bank of Atlanta,* 182 *Ga.* 641 (186 S. E. 813), dealt with a former adjudication in the same case. The result reached in *Loveless* v. *Carten,* supra, was based on the evidence introduced on the hearing of the plea, not, as here, on a motion to strike. Nothing contrary to what we now hold was ruled in *Redwine* v. *Frizzell,* 186 *Ga.* 296 (197 S. E. 805). In so far as it touches on the question in the

instant case, it was there ruled that in view of the circumstances presented a reversal would not be had merely because the judge took judicial cognizance of what had previously been ruled in that particular case, and gave effect thereto, without a plea of res judicata having been filed; the judge having announced in the presence of counsel for both sides that he would take such judicial cognizance, the counsel offering no objection at the time this announcement was made, and no error being assigned on his taking judicial cognizance.

We must rule that the court erred in striking the plea.

As to the issue raised by the petition and answer it is earnestly pressed upon us by counsel for the plaintiff in error that it was also erroneous to enter a finding at the conclusion of the evidence in favor of the petitioner, and to decree that the loan deed executed by McCollum to "Sarah J. Mosby Estate" was effective to create in favor of Mrs. Sarah M. White, Miss Carrie K. Mosby, and Mrs. Annie H. Thomas a first lien on the property, and that Loveless by virtue of the purchase and transfer to him was the owner of said loan deed and the title conveyed thereby, and was entitled to foreclose the same. It is insisted that the evidence was insufficient to authorize it. In view of the allegations of the petition and the answer including the admissions therein, the prayers of complainant, and the nature of the transaction, we are of the opinion that the testimony before the court and all the legitimate deductions to be drawn therefrom, in the light of the attendant circumstances, were sufficient to authorize the finding made by the judge, to whom the case by agreement had been submitted without the intervention of a jury. We reverse the judgment solely on account of the error in sustaining the motion to strike the special plea.

*Judgment reversed. All the Justices concur.*