## 32290. WILLIAMS *v.* KELLEY.

DECIDED FEBRUARY 11, 1949. REHEARING DENIED FEBRUARY 26, 1949.

*C. J. Taylor,* for plaintiff in error.
*Franklin, Eberhardt & Barham,* contra.

SUTTON, C. J. This was a proceeding by Mrs. Doris Kelley against C. E. Williams, in the City Court of Valdosta, to foreclose a laborer's lien for $300 for 12 weeks' salary at $25 per week from October 21, 1947, to January 13, 1948. The defend-

ant filed a counter affidavit, and made a replevy bond for double the amount involved. Mrs. Kelley also brought an action on account in the same court against the same defendant, which included the $300 on which she was seeking to foreclose a laborer's lien. Prior to the trial of the laborer's lien proceeding, this action on account was tried before a jury, and a verdict was returned in favor of the plaintiff which included the $300 involved in the laborer's lien proceeding. In an amendment to her affidavit in the laborer's lien proceeding, these facts about the action on account were set out, and this amendment also included a statement that "the only issue in this case is whether plaintiff is entitled to a laborer's lien for such sum of $300." According to the bill of exceptions, the plaintiff's counsel, before putting her on the witness stand in the trial of the present action, stated to the court that in the action on account the jury had already returned a verdict which included the $300 wages or salary involved, "and in reply to such statement in connection therewith the presiding judge stated that that was true; whereupon the plaintiff's counsel further stated that, therefore, the only issue in this case was whether or not the plaintiff in this case . . was entitled to a laborer's lien for her wages or salary, to which the presiding judge agreed. No objection was . . made to the court taking judicial cognizance or notice of [the action on account] and all proceedings had thereon, which had just been tried." The pleadings and judgment in the action on account are attached and made a part of the bill of exceptions in the present case. By comparison of the pleadings, it appears that, as a defense to each action, in addition to a denial of the indebtedness and other defenses, the defendant pleaded that the plaintiff was indebted to him for $1079.02. In the present case the plaintiff testified: "The defendant, C. E. Williams, owes me $300 as wages or salary for 12 weeks from October 21, 1947, to January 13, 1948, at $25 per week, which he agreed to pay me before I started working for him. I worked at his place of business, which is a combination gas and oil filling station and grocery store, which are operated together. I waited on customers in the grocery store, worked around the grocery store in rearranging groceries, boxes, etc., and replacing and rearranging stock from

time to time. I also serviced automobiles and trucks which came to the place of business. I filled the automobiles and trucks with gasoline and oil. I also put air in the tires, water in the batteries and in the radiator. In fact, I did everything necessary and usual in servicing cars. Sometimes when a man was driving a car or truck into the station, he would put water in the radiator and put air in the tires, but more often than otherwise I did this work, as well as the other work in servicing cars at the station. The greater portion of my work was manual labor—in fact practically all of my work was manual labor. The work above stated was done in accordance with my agreement or contract with Mr. Williams at the time I accepted employment. In other words, at the time I accepted employment from him, I agreed to do all the work, which I have already stated. Before I employed my attorneys in this case, I made demand on Mr. Williams for the payment of the $300 as wages or salary due me, but he refused to pay me. I made demand on him for it several times before this suit was filed by my attorneys, and each time he failed to pay me and has still failed to pay me." The defendant testified: "The $300 salary she . . is suing me for in this case . . is the same $300 salary she sued me for in the other case . . which has just been tried. The plaintiff is now suing me for it again. She has already obtained against me a verdict including the $300 salary in the other suit . . which has just been tried. Yes, this salary is included in the itemized statement attached to the other suit. I do not owe the plaintiff anything. I paid her everything I owed her. In fact, she owes me the amount set out in my plea, answer, and cross-action in this case." No other evidence was introduced on behalf of either party, and, on motion of the plaintiff, the court directed a verdict in favor of the plaintiff and judgment was rendered accordingly. This judgment contains a provision that whatever amount is recovered shall be credited on the judgment and execution thereon in the action on account, and the judgment in that action contains a similar provision. The defendant's motion for a new trial was overruled, and he excepted. His motion consists of the general grounds, and one special ground, in which error is assigned on the action of the trial judge in directing a verdict for the plaintiff.

■ It clearly appears from the bill of exceptions that the trial judge took notice of the prior action on account, without objection and without any direct exception, and in order to acquaint this court with the record of which he took judicial cognizance, the pleadings and judgment in that case are attached to the bill of exceptions in this case. The plaintiff and defendant both testified in this proceeding to foreclose the laborer's lien for $300 that a verdict had been rendered against the defendant in the suit on the account for the same $300 which was involved in the present case. Under these circumstances, the contention of the plaintiff in error that it was necessary for the plaintiff in the trial court to introduce in evidence the record in the former action is without merit. In this connection, see *Redwine* v. *Frizzell*, 186 *Ga.* 296 (2) (197 S. E. 805), and *Morrison* v. *Hilburn*, 126 *Ga.* 114 (54 S. E. 938). The facts in the present case distinguish it from the cases of *Glaze* v. *Bogle*, 105 *Ga.* 295 (31 S. E. 169), and *Carten* v. *Loveless*, 192 *Ga.* 715 (16 S. E. 2d, 711), cited by the plaintiff in error in his brief.

■ The action on the account and the action to foreclose the laborer's lien are not inconsistent with each other, because the assertion of one does not involve the negation or repudiation of the other. See *Peterson* v. *Lott*, 200 *Ga.* 390 (37 S. E. 2d, 358). Due to the different manner in which each of the actions was instituted, viz., account by petition and process, and foreclosure of the lien by affidavit, they could not be brought as different counts in one and the same action. Satisfaction of one, however, would extinguish the other, in so far as they involve the same debt. A plaintiff is entitled to pursue consistent remedies until he obtains a satisfaction. See *Juchter* v. *Boehm, Bendheim & Co.*, 63 *Ga.* 73, and *Montgomery* v. *Fouché*, 125 *Ga.* 43 (1) (53 S. E. 767). Also see Code, § 3-114. The verdict and judgment in the action on account, which established that the defendant was indebted to the plaintiff for $300 for salary, among other items, and thereby gave the plaintiff a general judgment lien, did not operate as a bar to the present action to establish a laborer's lien for the same $300.

■ "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom,

shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. "In determining whether an employee is a laborer within the meaning of the law providing for laborers' liens, he is to be classified, not according to the arbitrary designation given to his calling, but with reference to the character of the services required of him under his contract of employment. If the services thus contemplated were to consist mainly of work requiring mental skill or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon mere physical power to perform ordinary manual labor, he would not be a laborer within the statute as to the lien. If, on the other hand, the services to be performed under his contract were to consist mainly of manual labor, he would be a laborer within the meaning of such statute. *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249 (2) (25 S. E. 403, 58 Am. St. R. 300); *Stothart* v. *Melton,* 117 *Ga.* 460 (43 S. E. 801); *Tabb* v. *Mallette,* 120 *Ga.* 97 (2) (47 S. E. 587, 102 Am. St. R. 78); *Tuten* v. *Cudahy Packing Co.,* 133 *Ga.* 509 (66 S. E. 249)." *Bell* v. *J. B. Withers Cigar Co.,* 196 *Ga.* 48 (1) (26 S. E. 2d, 260). In the present action, it does not appear that the work of the plaintiff which was performed in accordance with the agreement was primarily that of a clerk in a mercantile establishment. The plaintiff testified that she worked, in accordance with her agreement, at the defendant's combination grocery store and service station, and that her services consisted of waiting on customers, replacing and rearranging stock, servicing automobiles and trucks with gasoline and oil, and by putting air in tires, and water in the batteries and radiators, and that the greater portion of her work, in fact, practically all of her work, was manual labor. She testified that she made several demands upon the plaintiff for payment, but that he did not pay her. No inference of payment arises from the fact that the defendant testified that he had paid her everything he owed her, because this statement was made in reference to the former action, and he was estopped by the judgment in the action on account from denying that he owed her the same $300 salary item involved in the foreclosure proceeding. The only reasonable deduction and inference to be drawn

from the evidence is that practically all of the work performed by the plaintiff in accordance with the agreement was manual labor, for which a demand had been made, and for which payment had not been made. By this evidence a verdict was demanded for the plaintiff on the only issue present in the case, and accordingly the trial court did not err in directing a verdict for the plaintiff and in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*