## 64574. NELSON v. SMOTHERS.

CARLEY, Judge.

Appellant-Nelson brought an action seeking specific performance of an option to repurchase property that he had sold to appellee-Smothers. A verdict was returned for Nelson and the judgment entered on this verdict was affirmed in *Smothers v. Nelson,* 246 Ga. 216 (271 SE2d 137) (1980). During the pendency of the appeal, Smothers remained in possession of the property. Sometime after the remittitur of the Supreme Court was returned to the trial court and Smothers had reconveyed the property, Nelson instituted the instant action. Nelson's complaint sought to recover for damage to the property allegedly occurring after September 17, 1979, the date that the specific performance decree, subsequently affirmed by the Supreme Court, had originally been entered in the trial court. Smothers answered and, among his other defenses, asserted that Nelson "was not the legal owner on the date on which the alleged damage took place."

Smothers subsequently moved for and was granted summary judgment. Despite the fact that he was ruling on a motion for summary judgment, the trial court entered an order making findings of fact and conclusions of law. The trial court's conclusion of law was that "[o]n the dates of the alleged damages to the property, . . ., Smothers had both possession and title to the property and would not be [liable] to Nelson for any damages ..." This ultimate conclusion of law that Smothers rather than Nelson had title to the property at the

relevant times was ultimately premised upon the trial court's findings of fact regarding the actual wording of the judgment of September 17, 1979, entered in the previous specific performance action between the parties. A copy of the judgment in the prior action was not introduced into evidence or filed in the instant case and, accordingly, that judgment does not appear in the record before us. Thus, the trial court's dispositive conclusion of law was based upon a legal interpretation of the prior specific performance decree, the existence and wording of which the trial court apparently judicially recognized.

Code Ann. § 81A-156 (c) provides, in part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." " '[T]he court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record,* as well as any material prepared for the motion that meets the standard prescribed in Rule 56(e).' [Cit.]" *Union Circulation Co. v. Trust Co. Bank,* 146 Ga. App. 612, 614 (247 SE2d 197) (1978). As noted above, the trial court's order in the instant case is entirely premised upon the final judgment in the previous specific performance action between the parties, a judgment not entered into evidence or filed in the instant case and appearing nowhere in the record before us.

" 'In the trial of one case the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court; much less can this court take notice of the existence of a record not introduced in evidence in the court below. There was no trial in this case, but the question [should have been] determined upon an inspection of the [papers of record.]' [Cits.]" *Carten v. Loveless,* 192 Ga. 715, 719 (16 SE2d 711) (1941). It follows that the trial court's order granting summary judgment, premised entirely upon a document not in the record and not in evidence before him and not appearing in the record before us, must be reversed. See generally *Fagan v. Jackson & Orme,* 1 Ga. App. 24 (57 SE 1052) (1907); *O'Connor v. United States,* 11 Ga. App. 246, 250 (75 SE 110) (1912).

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 25, 1982.

*William E. Smith,* for appellant.

*J. Frank Myers, John W. Sheffield III, Michael A. Fennessy,* for appellee.