## 40165. PETKAS v. GRIZZARD.

CLARKE, Justice.

We granted certiorari on the issue of whether a trial court may take judicial notice of the record in a prior suit in the same court when determining if the action before him falls within the provisions of the renewal statute, OCGA § 9-2-61 (Code Ann. § 3-808). "If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case." OCGA § 9-2-61 (a) (Code Ann. § 3-808). The Court of Appeals held that the trial court erred in failing to grant defendant Grizzard's motion to dismiss based upon the statute of limitations since the complaint did not allege it was a renewal action and neither the pleadings nor the record in the dismissed action was introduced as evidence. *Grizzard v. Petkas,* 167 Ga. App. 254 (305 SE2d 861) (1983). We reverse.

In August of 1973 Petkas, a director and stockholder of Piedmont-Lindbergh Corporation, filed an action in the Fulton Superior Court against Grizzard and others for injunctive relief and

---

then amended to seek damages. This suit was voluntarily dismissed in November of 1978. Within the six months provided by OCGA § 9-2-61 (Code Ann. § 3-808) Petkas filed the present action in Fulton Superior Court. Under the mandate of a local court rule the case was assigned to the same trial judge. Local Rule 14 provides in part:

"(a) Whenever an action or proceeding is terminated by voluntary dismissal and such action is refiled by any party within the time required by law, such action shall be assigned to the Judge to whom the original action or proceeding was assigned, unless otherwise ordered by the court.

"(b) The attorney who refiles such an action shall call to the attention of the clerk at the time of refiling the fact that it is the refiling of a case previously dismissed."

The effect of such a rule is to prevent "judge shopping," and the promotion of judicial economy, since the case is assigned to a judge with knowledge of the case and the issues involved.

The complaint did not allege that the suit was a renewal action. Grizzard filed an answer to the complaint raising the statute of limitations as a defense and filed a motion to dismiss. In response Petkas contended that the case was a renewal of the former action but introduced no evidence in support of his contention. The trial court denied the motion based upon "the entire file of record" and OCGA § 9-2-61 (Code Ann. § 3-808), concluding that the second action was a timely renewal of the former case.

Grizzard later filed a motion for more definite statement seeking an order requiring Petkas to attach a copy of the former suit to his complaint. The court's order denying the motion stated that the pre-trial order in the former case (Fulton County Civil Action No. B-86925) specifically set forth the issues to be tried and again found the present action to be "a renewal of one (B-86925) previously before the same judge, in the same court, involving substantially the same issues and parties, and to which no final judgment was rendered on the merits." The court found it unnecessary for the plaintiff to attach a copy of the prior suit.

The case proceeded to trial resulting in a jury verdict in favor of Petkas. Grizzard appealed and among other enumerations raised issues involving the failure of the trial court to dismiss based upon the statute of limitations. By order, the Court of Appeals requested the trial court to supplement the record to include what was considered by the court on the motions. In response, the record was supplemented with the former complaint and amendments, the pre-trial order, and the voluntary dismissal. The trial court entered an order directing the entire record on the former case be transmitted to the Court of Appeals to assure that the entire record before him

was also before the appellate court.

The Court of Appeals held that since none of the record was attached to the complaint or introduced in evidence the trial court improperly took judicial notice of the pleadings and record of the former case. The court held that since there was no proper evidence of renewal the case must be dismissed based upon the statute of limitations.

The applicant, Petkas, contends that since a renewal action is the same case judicial notice was proper based upon *State Dept. of Revenue v. McCray,* 215 Ga. 678 (113 SE2d 132) (1960). That case holds that the "court may take judicial notice of its own records in the immediate case or proceedings before it, including all prior proceedings in the main case." *McCray,* at p. 679. Petkas also contends that the trial court's action of reviewing the record in the former case was proper, even though the record was not placed in evidence.

Grizzard contends that a renewal action does not come within the holding of *McCray* because the second filing is a different case, not the same case. He also relies, as did the Court of Appeals, upon *Duckworth v. Collier,* 164 Ga. App. 139 (296 SE2d 640) (1982). In *Duckworth,* the first suit was dismissed without prejudice. A second suit was filed and renewal was not alleged in the complaint, although under OCGA § 9-2-61 (Code Ann. § 3-808) the second action was timely. The trial court directed a verdict as to that part of the complaint upon which the statute of limitations had run. In doing so he refused to allow plaintiff to introduce evidence that the second suit was in fact a renewal. The Court of Appeals affirmed the directed verdict holding that on its face the action was barred by the statute of limitations and since appellant had not perfected the record by an offer of proof of the record in the first action there was nothing in the record before the Court of Appeals to review.

Grizzard also relies on the language in *Carten v. Loveless,* 192 Ga. 715 (16 SE2d 711) (1941); *Glaze v. Bogle,* 105 Ga. 295 (31 SE 169) (1898); *Nelson v. Smothers,* 164 Ga. App. 112 (296 SE2d 414) (1982), and other cases that a court may not take judicial notice of other cases in the same court just as it cannot take judicial notice of cases in other courts. The language of *Glaze v. Bogle* has been cited in a number of cases including *Nelson,* supra. In *Glaze,* the trial court entered a directed verdict on a plea of res judicata before evidence had been introduced. This court reversed even though the judgment pleaded was before the same court and based upon the records of that court, holding the defendant had the burden of proving this defense. The court then quoted the language of an earlier California case that " 'In the trial of one case the court can no more take judicial notice of the

record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court; much less can this court take notice of the existence of a record not introduced in evidence in the court below.' " *Glaze* at 298.

We note that in Flores v. Arroyo, 15 Cal. Rptr. 87 (364 P2d 263) (1961), California judicially adopted a new rule, announcing that all prior cases would no longer be followed. The court held that a trial court could take judicial notice of the records in other cases when ruling on a plea of res judicata, providing also that the opposing party is free to contest the effect of the prior judgment.

Following *Glaze* this court in *Redwine v. Frizzell,* 186 Ga. 296 (197 SE 805) (1938), found no error on appeal when a trial judge announced to the parties that he would take judicial notice of his records in a former case between the parties in the same court even though no formal plea of res judicata was filed. We found no error because the parties were aware of the court's actions and the opposing party made no objection to the procedures. This waiver of objection was noted in *Carten v. Loveless,* 192 Ga., supra, in which we found no conflict in *Redwine* and *Glaze.* This court held in *Carten* that a trial court could not take judicial notice of records in another county and that this court could not take notice of the bill of exceptions of a former case between the parties which had been filed and adjudicated in this court.

The strict adherence to these rules prohibiting judicial cognizance by a trial court of records in its own court and of this court taking cognizance of records in other cases before this court frustrates the policy of judicial economy. In addition to *Redwine,* other cases have made exceptions to and inroads upon the holding of *Carten.* In *Williams v. Kelley,* 78 Ga. App. 699 (51 SE2d 696) (1949), there was no objection when the trial court took judicial notice of another action between the same parties in the same court. The trial court then directed the record which he judicially noticed be attached to the record of the other case for appeal. The appellate court held that under the circumstances it was unnecessary for the record in the former action to have been placed in evidence. We held in *Woodruff v. Balkcom,* 205 Ga. 445 (53 SE2d 680) (1949), that a trial court, in overruling a second petition for habeas corpus could take judicial notice of the prior habeas petition and proceedings which had taken place before the same judge.

Grizzard urges that *Woodruff* in particular is against the weight of authority in this state and should be overruled. However, we have cited *Woodruff* with approval in *State v. Brinson,* 248 Ga. 380 (4) (283 SE2d 463) (1981). Brinson was appealing the revocation of a probated sentence which he received in a prior burglary conviction and enu-

merated as error the failure of the state to place the record of the burglary sentence in evidence. We held the court could properly take judicial notice of all of its own records in the proceedings before it.

Grizzard argues that judicial notice is inappropriate in a renewal action because facts judicially recognized become conclusive and in the present case he disputes the contention of Petkas that the present case meets the requirements of OCGA § 9-2-61 (Code Ann. § 3-808). A renewal action must "be substantially the same both as to the cause of action and as to the essential parties." *Sheldon & Co. v. Emory University,* 184 Ga. 440 (1) (191 SE 497) (1937). Whether or not, under the law on renewal the second action meets the test of renewal is a decision of law and not the subject of judicial notice. We therefore cannot adopt the argument of Petkas that judicial notice was proper because the second action is the "same case," see *McCray,* supra; whether the second action is substantially the same case is the ultimate legal question in these situations. Judicial notice was taken not of the legal conclusion but of the physical record in the first suit before the same court. We hold that a trial court may take judicial cognizance, as did the judge here, of records on file in its own court.

In holding that a trial court may take judicial notice of records in the same court we overrule the holding in *Glaze v. Bogle,* 105 Ga., supra. The cases which rely on the language of *Glaze* will no longer be followed. See e.g., *Nelson,* supra; *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90) (1978). The holding in *Glaze* and the holdings in some prior cases relied on by the Court of Appeals were based upon the law prior to the enactment of the Civil Practice Act in Georgia. These holdings fail to comport with the announced policy that the court will look to substantial justice and judicial economy rather than strict compliance with procedural technicalities. See OCGA §§ 9-11-1 (Code Ann. § 81A-101) and 9-11-61 (Code Ann. § 81A-161). This court will adhere to this policy whenever it is practical.

Any party may contest or argue the effect the prior record has on the case or issue being litigated and may cite to portions of the record which have been recognized or incorporated by the court. Because a ruling on the effect of the prior case may be raised on appeal, the record or portion thereof considered by the trial court should be designated to be included in the appeal if a party wishes to enumerate error on the ruling.

The general rule is that the burden is on the complaining party to perfect the record for appeal. The application of that rule would be appropriate in cases where a court has taken judicial cognizance of other records which are in the trial court.

In deciding that a trial court is authorized to take judicial notice of records in the same court, we do not hold that a judge is required to

do so. The court may require the parties to present evidence on the issue.

The Court of Appeals now has the record of the former case before it. This case is remanded to that court for consideration of the remaining issues consistent with this opinion.

*Judgment reversed and remanded to the Court of Appeals. All the Justices concur.*

DECIDED FEBRUARY 9, 1984.

*Meals & Parks, Robert N. Meals, Larry H. Chesin,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Marion Smith II, John L. Latham,* for appellee.