# Court of Appeals
# of the State of Georgia

ATLANTA,   February 16, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0683. JACOB J. LAMM et al v. ALLSTATE INSURANCE COMPANY.**

Jacob J. and Hydie P. Lamm filed this appeal from the trial court's order dismissing their renewal action. For reasons that follow, the appeal is dismissed.

The record shows that, in January 2022, the Lamms filed a renewal action against Allstate Insurance Company alleging, among other things, breach of contract and bad faith failure to pay a claim. The Lamms also sought declaratory judgment. Allstate moved to dismiss the complaint, and the trial court granted the motion on January 27, 2023.

The Lamms appealed this ruling to the Supreme Court. In the notice of appeal, the Lamms directed the trial court clerk to "exclude nothing from the record in this case and include any and all documents from other cases or courts relied upon by this Court as a basis and/or justification for is [sic] subject order." The notice of appeal and an amended notice of appeal directed the clerk to provide with the index before the record was transmitted to the Supreme Court "so that [the Lamms] may ensure the proper documents and all of the required records have been prepared for transmission to the Georgia Supreme Court for this Appeal."

The appeal was docketed in the Supreme Court on October 4, 2023. Pursuant to Supreme Court Rule 10 (1) (a), the Lamms' brief was due on October 24, 2023. No brief was filed in that Court. Rather, on October 24, the Lamms filed a motion to transfer the appeal to the Court of Appeals, and the Supreme Court transferred the appeal on November 7, 2023. See Case No. S24A0200. The appeal was docketed in this Court on December 5, 2023. Pursuant to Court of Appeals Rule 23 (a), the

Lamms' brief was due within 20 days after the appeal was docketed. The Lamms, however, filed a motion for an extension of time in which to file their brief. Although Allstate objected to the request, this Court granted the motion, giving the Lamms until January 30, 2024 to file. The Lamms did not file a brief by this date. Rather, they filed a motion to remand, claiming that the lower court clerk failed to include the records from the prior case when it transmitted the case.

"The general rule is that the burden is on the complaining party to perfect the record for appeal." *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984). If a party seeks to include records from a prior case considered by the trial court, the notice of appeal should designate the inclusion of that record. See id. The Lamms' notice of appeal was inadequate in this regard. Although the Lamms directed the trial court clerk to include documents "from other cases," they did not specify that they required the records from the prior case or include that lower court case number in the notice of appeal. Furthermore, to the extent the Lamms actually require the record from the prior case to prosecute their appeal, their delay in seeking to perfect the record is inexcusable. Accordingly, the Lamms' motion to remand is hereby DENIED.

Under Court of Appeals Rule 23 (a), this Court is authorized to dismiss an appeal based on an appellant's failure to file a brief. Because the Lamms failed to file a brief within the time allotted by the extension, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___02/16/2024_____

 I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

 Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.