HATCHER & COMPANY *vs.* THE FIRST NATIONAL BANK OF MECHANICSBURG, PENNSYLVANIA.

There was no error in refusing to dismiss this case, or to continue it, on motion of the defendants, on the ground that they had filed exceptions to the execution and return of the commission sued out by them to obtain discovery at law from the plaintiff, because certain letters were referred to as attached or enclosed, which were not so attached or enclosed in the commission. The bill of exceptions alleged that the exceptions to the execution and return of the commission were filed on September 23, 1885, which was before the cause of action matured or the suit was brought. The letters were probably immaterial, the answers being very full and apparently frank in disclosing the whole transaction. It does not appear that any notice of the exceptions was given to the opposite party. It is stated in the exceptions that the commission, interrogatories and answers are thereto attached, but no commission appears. No entry of filing appears upon the interrogatories, nor does it appear that notice of the filing was ever given to the adverse party, as required by the statute relating to discovery at law. Nor were the interrogatories addressed to the plaintiff; nor were the names of any persons inserted in them; nor does it appear that the names of any witnesses were set out in the commission, if there was one.

(*a*) Where discovery at law was sought against a plaintiff corpora-

tion, it was not sufficient to exhibit interrogatories to "————, president, and ————, cashier, of the plaintiff, whose names are to the defendants unknown, and who are material witnesses for the defendants." It would be easy, in the exercise of ordinary diligence, to discover the names of the president and cashier of a bank located in Pennsylvania, though the action was proceeding in Georgia.

(b) The statute in respect to discovery does not seem adapted to obtaining a discovery from a corporation; it is only from some plaintiff who can testify, and who, if residing in the county, could be subpœnæd as a witness.

(c) It does not appear that the plaintiff ever had anything to do with the execution of these interrogatories, or waived any of the points of objection mentioned above, or that it assumed the burden of having the interrogatories executed. If the defendants examined either of these officers of the bank, without complying with the statute in reference to giving notice that they had filed their interrogatories, etc., the burden would be on them to have such interrogatories correctly executed; and when they took exception to the sufficiency of the execution, they should have given notice of it to the opposite party.    (Rep.)

February 6, 1888.

Practice in Superior Court.    Discovery.    Interrogatories.    Notice.    Corporations.    Witness.    Before Judge HARRIS:    City Court of Macon.    June Term, 1887.

Reported in the decision.

HILL & HARRIS; LYON & ESTES, for plaintiffs in error.

LANIER & ANDERSON, for defendant.

BLECKLEY, Chief Justice.

The defendant in error was an incorporated bank of Pennsylvania, and brought action against Hatcher & Company upon a negotiable instrument, payable to and indorsed by the Taylor Manufacturing Company. Hatcher & Company made a defence that perhaps would have been good against the payees of the note, but not good against the plaintiffs in the action, unless they could be affected

with notice of the defence. For the purpose of proving such notice, Hatcher & Company took the evidence of the cashier of the bank; and when the case was called for trial, their counsel made a motion, first, to dismiss it, which was denied, and then to continue, which was also denied. The bill of exceptions represents this motion thus:

"Upon the calling of said case for trial, defendants moved the court to dismiss the same, and after refusal to dismiss, to continue the same, upon the following grounds, to-wit: that on September 23, 1885, the defendants filed certain exceptions to the execution and return of the commission sued out in the above case by the defendants, to obtain discovery at law from the plaintiff; said exceptions being as follows: 'Defendants except to the answers to the interrogatories in the above case sued out to obtain discovery, because they refer to certain letters as attached or enclosed, and none such are attached or enclosed in the commission.'"

It will be observed that the date was the 23d of September, 1885. That was before the cause of action in this case matured, and the action itself was not brought until May, 1886. So that, if in making this motion, the counsel intended what they said to be literally taken, they must have filed their exceptions entirely too early, because it was before the action was brought. We are not unwilling to take the bill of exceptions literally, because we find that the object of the exceptions was to get the benefit of strict law. The letters which were not sent with the commission or answers, were probably immaterial; because the answers themselves are very full and apparently very frank in disclosing the whole transaction. Again, it does not appear that any notice of these exceptions was given to the opposite party, and for that reason the court may have denied this motion. Again, it is stated in the above exceptions that said commission, interrogatories and answers are thereto attached. There is no visible commission attached. It is invisible to us, and if it were so to the court below, there was no commission at all shown to that court. Again, the interrogatories are attached, and it does not appear from any entry upon them, or otherwise, in this

record that they were ever filed, or if filed, that any notice of the filing was ever given to the plaintiff as required by the statute relating to discovery at law. Code, §3812. Again, the interrogatories are not addressed to the plaintiff, as the statute requires, in order to obtain discovery; and there are no names of any persons whatsoever inserted in them; and if there was a commission, as this exception seems to assume, we are not informed that the names of any witnesses were set out in the commission; and we do not see how a commission to take interrogatories, even on a statute for discovery at law, can issue without the name of the witness being inserted. The interrogatories brought here are exhibited to "——————, president, and ————, cashier, of the plaintiff, whose names are to the defendants unknown, and who are material witnesses for the defendant." That their names were unknown would not of itself entitle the defendants to sue out a commission in blank as to the names. It would certainly be easy, in the exercise of ordinary diligence, to discover the names of the president and the cashier of a bank, even in Pennsylvania. All these matters of fact existing, we cannot judicially pronounce that the court erred in denying the motion either to dismiss or continue.

I will add that the statute on discovery does not seem adapted to obtaining a discovery from a corporation; it is only from some plaintiff who can testify, some one who, if residing in the county, could be subpœnaed as a witness. Code, §3811. I would add also that it does not appear from this record that the plaintiff ever had anything to do with the execution of these interrogatories. It does not appear that the plaintiff waived any of the points of objection that I have mentioned. If the plaintiff had taken charge of these interrogatories and assumed the burden of having them correctly executed, that might be an answer to all formal objections, and even many substantial objections. But it does not appear that the plaintiff ever took upon itself the burden of having these interrogatories

executed, or that it was not the business of the defendant to do it. If the defendants examined either of these officers without complying with the statute with reference to giving notice that they had filed their interrogatories, etc., of course the burden would be upon them to have them correctly executed, and that would make the general law apply, that when they took exceptions to the sufficiency of the execution, they should give notice of it to the opposite party. Code, §3892.

Judgment affirmed.