## LANG v. SHAW.

POWELL, J.　While ordinarily notes, checks, due-bills, and other similar instruments given to evidence an indebtedness are not payment until they themselves are paid, yet the contract between the parties may make them so.　Where a creditor holding an indebtedness against a single debtor takes the joint due-bill of this debtor and a third person, with a recital therein that it is in settlement of the account out of which the indebtedness arose, the creditor can not thereafter sue the original debtor upon the account.　The taking of the due-bill under such circumstances amounts to a novation; and if both the joint makers are alive and within the jurisdiction of the court, they are subject to suit only in a joint action upon the due-bill.　　　　*Judgment reversed.*

Appeal, from Gordon superior court—Judge Fite.　February 24, 1909.

Submitted July 20,—Decided October 5, 1909.

*J. M. Lang, J. G. B. Erwin,* for plaintiff in error.

*O. N. Starr,* contra.

---

## 1993.　WEBSTER v. GRIFFIN, Judge.

HILL, C. J.　Where a mandamus nisi has been issued to the judge of a city court, requiring him to show cause why he should not sign and certify a bill of exceptions, and in his answer he states that he declined to sign and certify the same because the statement of facts therein was not true, and, although he had returned the same to the attorney tendering it, with his objections thereto in writing, that these objections had not been satisfactorily met and removed, the rule will be discharged, as the answer can not be traversed.　Civil Code, § 5545; *Platen* v. *Adams,* 72 *Ga.* 199.　　　　*Rule discharged.*

Application for mandamus.

Argued July 14,—Decided October 5, 1909.

*Hal Wimberly,* for movant.　*J. H. Roberts,* contra.