### 12166.  McCool *v.* Wilcher *et al.*

HILL, J. 1. An application was made according to the provisions of the Civil Code (1910), §§ 3817 et seq., by one who owned a life-estate in a certain tract of land, to have the lines of the land surveyed and marked anew, and during the lifetime of the applicant the land processioners made and filed their return as required by law, a protest to the return was filed by the adjoining landowner, and all the papers relating to the case were ordered filed in the office of the clerk of the superior court and the case was entered upon the docket of the court. While the case was pending in the superior court the applicant died, and when the case was called in its order those who held the title to the land as remaindermen were duly made parties in the place of the life-tenant. *Held:* No error. On the death of the plaintiff a suit may be continued in the name of the person succeeding to his interest. 1 Cyc. 86, 89. On the death of the applicant who owned the land as life-tenant, the remaindermen were necessary parties, and to substitute them as parties did not add a new, separate, and distinct cause of action. Civil Code (1910), § 5600.

2. Where the application to the processioners was duly made in writing and acted upon by the processioners, who made their report and filed it with the plat of the surveyor as required by law, the fact that the application was not also filed with the report, because lost, did not furnish a good ground for dismissal of the proceedings. *Caverly* v. *Stovall,* 134 *Ga.* 677 (68 S. E. 442).

3. After proof of the loss of the application was made to the court it was not error to admit in evidence the testimony of the processioners that the application was made in writing and complied with the requirements of the statute.

4. The declarations of one in possession of land are admissible to show his adverse possession. Civil Code (1910), § 5767.

5. The charge of the court, considered in its entirety, was a full and fair statement of the law applicable to the issues, and the exceptions to certain excerpts are without merit. There was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 14, 1921.

Processioning; from Glascock superior court — Judge Walker. December 30, 1920.

*J. C. Newsome,* for plaintiff in error.

*J. B. Burnside, John T. West,* contra.