27611. CRUMBY *et al. v.* WILSON.

Decided October 11, 1939.

*R. Carter Pittman,* for plaintiffs.

*H. H. Anderson, R. Noel Steed,* for defendant.

Felton, J. Sam Crumby and the First National Bank of Dalton filed with the processioners of Murray County an application to have the line between their property and that of N. J. Wilson surveyed and marked anew. The processioners filed their return, and Wilson filed his objections. He admitted that he had had the notice required by law, but he protested the return on the grounds: (1) that the processioners did not attempt to mark any line anew, but simply marked a line between the two properties; (2) that no certified plat was attached to the return; (3) that the return is unintelligible and void, because it does not properly locate the line alleged to have been run, nor are any of the distances marked thereon; (4) that no notice was given the protestant; (5) that the processioners were not legally appointed. The return of the processioners set out that they had run the line, and attached a plat of the line. The amended return set out that the line marked anew between the lands of Crumby and the First National Bank on the west and Wilson on the east, in the north half of lot number

161 in the 10th district and 3d section of Murray County, is as follows: beginning at a hickory stump on the north original east-west line of said lot on the south side, and immediately adjacent to a public road, and runs south along a fence row which is the west boundary of the Wilson property, along a line of post holes visible on the property, to a point approximately midway between a tenant house owned by Wilson and a spring owned by applicants, thence along a line south 3 degrees west to an iron stake on a conditional east-west line between the north and south halves of lot number 161. The protest alleged that the starting point was on the conditional line on one half the lot surveyed for Mary L. Hayes, where the line run for Mary Hayes intersected the conditional line, thence running almost due north to the north original line to a hickory stump. The court dismissed the proceedings, and the applicants excepted.

1. There is no merit in the first ground of the protest, because the original return of the processioners set out that they had been petitioned to trace and mark anew the line between the property of the applicants and the protestant, and that, pursuant to this application, they did proceed to run and mark the line. The amended return sets out "the line found and remarked anew." We think that the return of the processioners sets out that they surveyed and marked anew an existing line, and not that they simply ran a line between the two landowners.

2. There is no merit in the second ground of the protest, because this objection was met by an amendment attaching a proper certificate to the plat attached to the return.

3. There is no merit in the third ground of the protest, because the issue to be tried was whether the line run by the processioners was the true line or whether the line set out in the protest was the true line. We think that the line is set out in the return with such sufficient definiteness that it could be made certain by the introduction of evidence, and would be sufficient to uphold a verdict if it should be found that the line run by the processioners was the true line. The protest recognized one of the termini as being the intersection of a line run in another case in the same court, and in the same lot with the conditional line dividing the lot in half, and this terminus could be made certain by evidence. The return sets out the other terminus and gives the course of the

line run. We think that the return is not subject to the objection that it is too vague and indefinite to be valid. What is said in *Hayes* v. *Wilson,* ante, 731, is controlling and has application here.

4. The protest admits that notice was given to the protestant, and this ground has no merit.

5. The ruling in *Hayes* v. *Wilson,* supra, applies to this objection.

The court erred in dismissing the proceedings.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*