35829. EASON *et al. v.* THOMAS, Judge.

TOWNSEND, J. 1. This is an application to this court for the writ of mandamus against the Judge of the Superior Court of the Brunswick Circuit to require him to sign a bill of exceptions. The application discloses that the trial judge entered an order dismissing a motion for a new trial as follows: "The within motion for a new trial having come on for a hearing and it appearing that movant has failed to prepare and present a proper brief of the evidence in said case, and that the purported brief submitted to the court for approval by movant is not a true and correct brief of the evidence adduced at said trial but contains misstatements of material facts in said case, it is hereby ordered, adjudged and decreed that said motion be and said motion is hereby dismissed." An exhibit to the application also discloses that in connection with the bill of exceptions the trial judge entered an order as follows: "The within and foregoing bill of exceptions being re-tendered on this date after refusal to certify and after having been returned to attorney for John Eason and H. L. Padgett, along with the written objections of the judge thereto as by statute provided met and removed, and that said bill of exceptions as re-tendered does not contain or recite the true facts of said case, but contains untrue statements and as re-tendered is untrue, incomplete and contains matters not of record and not properly before the court, and the order of the court for and concerning the re-tender of same not being complied with, it is hereby ordered, decreed and adjudged that said bill of exceptions be and the same is hereby dismissed."

In *Webster* v. *Griffin,* 6 *Ga. App.* 747 (65 S. E. 708) it is held as follows: "Where a mandamus nisi has been issued to the judge of a city court, requiring him to show cause why he should not sign and certify a bill of exceptions, and in his answer he states that he declined to sign and certify the same because the statement of facts therein was not true,

and, although he had returned the same to the attorney tendering it, with his objections thereto in writing that these objections had not been satisfactorily met and removed, the rule will be discharged, as the answer can not be traversed. Civil Code § 5545; *Platen* v. *Adams,* 72 *Ga.* 199."

Since the application together with its exhibit shows on its face that the reason for the refusal of the trial judge to sign the bill of exceptions was that it "does not contain or recite the true facts of said case but contains untrue statements and as re-tendered is untrue, incomplete and contains matter not of record and not properly before the court" it is not necessary for this court to grant a rule nisi. Treating the allegations of the application with its exhibits as true, no cause for granting the rule is set forth.

2. Code § 6-910 (1) authorizing the writ of mandamus upon the refusal of the trial judge to sign a bill of exceptions provides as follows: "Such petition shall set out substantially the bill of exceptions tendered, and shall be verified by the attorney as to the truth of the bill as tendered, and by the party or his attorney as to the other facts stated therein." While the application here purports to set forth a copy of the bill of exceptions which is alleged to have been tendered to the trial judge, and the refusal to certify which is the basis of the application, neither a copy of the bill of exceptions nor the substance thereof is a part of the record. Accordingly, the application is also insufficient to form the basis for a rule nisi.

It is therefore ordered that the mandamus nisi be denied and the petition dismissed.

*Felton, C. J., Gardner, P. J., Carlisle, Quillian and Nichols, JJ., concur.*

DECIDED JULY 13, 1955.

*H. L. Williams,* for petitioners.