36216. ANDERSON *v.* INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY.

DECIDED SEPTEMBER 5, 1956—REHEARING DENIED OCTOBER 3, 1956.

*W. Tom Veazey, Randall Evans, Jr.,* for plaintiff in error.
*J. Cecil Davis,* contra.

NICHOLS, J.   1. The contention of the plaintiff is that he was not given written notice that the defendant intended to file a brief of evidence as is required under the Act of 1946 (Ga. L. 1946, pp. 726, 744; Code, Ann. Supp., § 24-3364), whereas the defendant

contends that no such notice was required inasmuch as the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446; Code, Ann. Supp., § 24-3364) which amended this rule of procedure did away with the requirement that such notice be given to the opposing party. The defendant also contends that even if such notice is required the plaintiff had substantial notice in that he was furnished with a copy of the brief of evidence some ten days prior to the hearing of argument on the motion for new trial.

The act of 1946, supra, amended Code § 24-3347 (Code, Ann. Supp., § 24-3364), by requiring that written notice be given to the opposite party or his counsel of record of his intention to file a brief of evidence for approval at a certain time and place. The act of 1953, supra, then amended this same Code section by inserting therein a provision that a stenographic report of the trial with immaterial questions and answers and parts thereof stricken could be used in lieu of a brief of the evidence. This act then proceeded to set forth the Code section as amended. No reference was made to the act of 1946 in the act of 1953, nor did the General Assembly attempt to cover the whole legal field in question, but rather it appears that amendment to this section made by the act of 1946, was unintentionally overlooked when the act of 1953 was enacted. Therefore, the act of 1953, did not either expressly or impliedly repeal the act of 1946, and the written notice to the opposite party or his counsel of record required under the act of 1946 is still in force and effect in all cases where a motion for new trial requires a brief of evidence. See *Adams* v. *Ricks*, 91 *Ga. App.* 494 (86 S. E. 2d 329).

In the present case the bill of exceptions states in part: "Neither Mr. Randall Evans nor Mr. W. Tom Veazey agreed to the brief of evidence as furnished by the court reporter though they had had it from November the 30th up until the 10th day of December, at which time it was brought before the court by Mr. Randall Evans, counsel for E. B. Anderson." In *Campbell* v. *Allen*, 208 *Ga.* 274, 278 (66 S. E. 2d 226), the Supreme Court said: "To paraphrase the Latin maxim 'Cessante ratione legis, cessat beneficium legis' (meaning, the reason for the law ceasing, the benefit of the law ceases)—where the real purpose of the rule is satisfied, the application of the rule itself ceases. Rules of court should be construed with reference to the reason upon which they

rest, so as to promote the object which the framers of the rules had in adopting them, and to insure as far as possible just results in all cases and minimize possibilities of injustice being done to the parties." In the case just above quoted from, the Supreme Court had under consideration the same rule which the plaintiff here contends requires a judgment reversing the trial court's judgment denying his motion to dismiss the defendant's motion for new trial. In that case counsel for the opposite party agreed that the brief of evidence was correct and the Supreme Court held that he had waived the required notice. In the present case, according to the bill of exceptions, the counsel for the plaintiff did not agree that the brief of evidence was correct; however, it does show that such counsel was in possession of the brief of evidence for ten days prior to the time it was presented to the trial court for approval, and that he was present when it was presented for approval, and it does not show that such counsel contended in that court that the brief of evidence was incorrect in any way. Therefore, where as in the present case the record shows that the plaintiff has received the benefit of the rule, to wit: knowledge that the defendant intended to file a brief of evidence, and knowledge of what the brief of evidence included, it cannot be said that the trial court erred in denying the plaintiff's motion to dismiss the defendant's motion for new trial, and in approving and ordering filed the brief of evidence.

2. Inasmuch as the evidence on the trial did not demand a verdict for the plaintiff it cannot be said that the trial judge abused his discretion in granting the defendant's motion for new trial. Code § 6-1608.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*