36569, 36570. RICHMOND CONCRETE PRODUCTS COMPANY, INC. *v.* WARD; and *vice versa.*

DECIDED APRIL 2, 1957.

*Fulcher, Fulcher & Hagler, Stevens & Stevens,* for plaintiff in error.

*George W. Fryhofer, Randall Evans, Jr., Jack D. Evans,* contra.

NICHOLS, J. 1. In the cross-bill of exceptions error is assigned on the sustaining of certain objections by the defendant to interrogatories for discovery filed by the plaintiff. When this case was before the Supreme Court (*Richmond Concrete Products Co. v. Ward,* 212 *Ga.* 773, 95 S. E. 2d 677), it was held that ground 2 of these objections, which was sustained, did not raise a consti-

tutional question, and accordingly it must be held that the trial court erred in sustaining this ground of the objections to the interrogatories for discovery.

The other objection which was sustained by the trial court was that the request for interrogatories did not comply with the law in regard thereto. In the order sustaining this ground of objection the trial court stated that the objection to the interrogatories was sustained because it was merely addressed to the president of the defendant corporation and did not give his name.

In *Hatcher & Co.* v. *First Nat. Bank of Mechanicsburg,* 79 *Ga.* 538 (5 S. E. 127), decided by the Supreme Court on February 6, 1888, it was held that a request for interrogatories addressed merely to the president and cashier of a corporation, without naming them, was insufficient. In 1889 the General Assembly amended that chapter of the Code dealing with interrogatories so as to definitely provide that they would apply to corporations and to further provide that they should be directed to either the president, secretary or treasurer or other officer or agent of the corporation. There is no requirement by this act, which was enacted subsequent to the decision of the Supreme Court in *Hatcher & Co.* v. *First Nat. Bank of Mechanicsburg,* supra, that the president, secretary or treasurer of a corporation must be specifically named. Although any other officer or agent of the corporation would necessarily have to be named with more description than just his title, this requirement would not apply to the president, secretary, or treasurer, inasmuch as there would only be one of each of these named officers of the corporation. The request for interrogatories is addressed to the corporation and not to the individual who happens to be an officer of the corporation. Therefore, in the present case where the request was addressed to the president of the corporation as required by the act of 1889 (Ga. L. 1889, p. 87; Code § 38-1202), the judgment of the trial court in sustaining the objections to the request for interrogatories on this ground was error.

2. The exception of the plaintiff to the refusal of the trial court to dismiss the motion for new trial rather than to grant a continuance until a later date, as requested by the defendant, is without merit inasmuch as it does not appear that the trial

court abused its discretion in granting this motion for a continuance and in denying the plaintiff's motion to dismiss the motion for new trial.

3. Under the decision of this court in *Anderson* v. *Interstate Life &c. Ins. Co.*, 94 *Ga. App.* 411 (94 S. E. 2d 758), the trial court did not err in allowing the brief of evidence filed in the present case, although the plaintiff was not given the required notice, inasmuch as it appears that counsel for the plaintiff had received and read a copy of the same before the hearing on its correctness.

4. The general grounds of the defendant corporation's motion for new trial were expressly abandoned and will therefore not be considered.

5. Special grounds 4 and 5 of the corporation's motion for new trial complain of excerpts from the charge with reference to the measure of the plaintiff's damages. The court charged that the plaintiff was seeking a recovery for "permanent injuries or permanent decrease in her earnings." It then charged as to how to arrive at this item of damages and then charged the jury as to how to reduce the value of the plaintiff's life to its present cash value.

The plaintiff was seeking to recover for a loss of ability to labor and for permanent injuries; however, she did not seek to recover for a decrease in her earning capacity, nor was there any evidence to support a charge on this subject, and since she was not, according to the evidence, totally and permanently disabled, the charge with reference to the value of her life was necessarily not warranted. See *City of Atlanta* v. *Jolly*, 39 *Ga. App.* 282 (146 S. E. 770); and *A.C.L. R. Co.* v. *Ansley*, 84 *Ga. App.* 89 (65 S. E. 2d 463). Accordingly, although the pleadings and the evidence authorized a charge on loss of ability to labor, the charge with reference to loss of earning capacity and the method of reducing the value of the plaintiff's life to its present cash value were error requiring the grant of a new trial.

6. Special grounds 6 and 7 complain that the court erred in charging subparagraphs (a) and (b) of Sec. 101 of the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 602; Code, Ann. Supp., § 68-1679).

The petition alleged that the defendant, Albert Gay, who was a joint defendant with the plaintiff in error, was negligent in depositing upon the highway certain concrete blocks and after depositing them was negligent in not removing them, and that the plaintiff in error's conduct amounted to negligence in the way the concrete blocks were loaded on the truck, in that they were loaded without being secured so that they would not fall upon the highway. The evidence authorized a finding that the defendants were guilty of this negligence, which amounted, under the above cited Code section, to negligence per se in that it was alleged that Richmond Concrete Products Company, Inc., had full knowledge that the blocks were not properly loaded and secured against movement and against falling over the sides of the truck and onto the highway. The trial court charged that subparagraph (a) of the Code section, supra, applied only where a person wilfully and knowingly throws such things onto the highway, and therefore did not imply to the jury that the conduct of the defendants amounted to wilfully placing the blocks on the highway as contended by the plaintiff in error.

In view of the rulings in the first and fifth divisions of this opinion, the judgments of the trial court in sustaining the objections of the Richmond Concrete Products Company, Inc., to the request for interrogatories and in denying the amended motion for new trial of the Richmond Concrete Products Company, Inc. must be reversed.

*Judgment on main bill of exceptions reversed. Judgments on cross-bill of exceptions affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*