## 20156.  WHITE *v.* GRIGGS.

CANDLER, Justice.  The law fixing the procedure to be followed in suing out writs of error to this court is jurisdictional. *Spivey* v. *Nalley*, 212 *Ga.* 810 (96 S. E. 2d 260). The bill of exceptions in this case was timely tendered to the trial judge on March 17, 1957. It was incomplete when tendered, and was returned to the plaintiff in error for completion. It was re-tendered on April 17, 1958, and was on that day signed by the trial judge. His certificate recites: "The delay between the date of tender and the date of certification of this bill was caused by the attempts of counsel to agree on the brief of evidence and the delay in typing and briefing the same, which it is agreed was not negligence or laches on the part of the plaintiff in error." The Code (Ann.) § 6-909, provides: "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within 10 days, to the party or his attorney, with his objections to the same in writing. If those objections shall be met and removed, the judge may then certify, specifying in his certificate the cause of the delay." This section is silent as to the length of time the party to whom an incorrect or incomplete bill of exceptions is returned will be given to comply with the judge's objections and retender a correct bill for certification, but it has been held by this court in several cases that it must be done within a reasonable time. See *Phillips* v. *Taylor*, 214 *Ga.* 221 (104 S. E. 2d 96), and the cases there cited. Those cases are authority for the proposition that the longest time a party has from the date a bill of exceptions is returned to him for correction or completion during which he may retender it is no more than the period allowed by law (30 days) for the tender of the original bill of exceptions, unless a longer time should be given for providential cause or imperative necessity; and when a delay of more than thirty days in retender is thus caused, that fact must affirmatively appear in the judge's certificate. For like rulings, see *Joseph*

v. *East Tenn., Va. & Ga. R. Co.*, 92 *Ga.* 332 (1) (18 S. E. 294); *Allison* v. *Jowers*, 94 *Ga.* 335 (21 S. E. 570); *Meador* v. *Callicott*, 129 *Ga.* 631 (60 S. E. 863); and *Turner* v. *Turner*, 191 *Ga.* 123, 125 (12 S. E. 2d 633), where it was by a full-bench decision held: "In the event the judge returns the bill of exceptions to the plaintiff in error for correction, and he fails to retender it to the judge within thirty days in case of ordinary bills of exceptions or twenty days in case of fast bills, the writ of error must be dismissed, unless the failure so to retender was occasioned by providential or other imperative causes not reasonably within the control of the excepting party." In the instant case, there was a period of 13 months or 395 days between the date of tender and the time of retender of the corrected or completed bill of exceptions; and, since it does not appear that such delay for preparation of the brief of evidence was occasioned by providential or other imperative causes not reasonably within the control of the excepting party, we must and do hold that such delay was unreasonable and inexcusable. This being true, the cause for want of jurisdiction cannot be considered by this court and the writ of error will be

*Dismissed. All the Justices concur.*

SUBMITTED JULY 16, 1958—DECIDED SEPTEMBER 5, 1958.

*Mitchell, Clarke & Anderson,* for plaintiff in error.
*J. V. Malcolm, Jr.,* contra.