## 37632. GEORGIA STATE DEPARTMENT OF REVENUE
### v. GRAY, Judge.

TOWNSEND, Judge. This is an application for a mandamus nisi against the Honorable J. Bowie Gray, sitting as Judge of the Superior Court of Dougherty County, to show cause why he should not sign a bill of exceptions in the form tendered in the case of Georgia State Department of Revenue v. McCray and Georgia Crown Distributing Company, the same being an appeal to the superior court from the award of the hearing director finding in favor of McCray and ordering the plaintiff in error and the Georgia Crown Distributing Company, as co-employers, to divide the compensation benefits. The respondent in this action affirmed the award. Applicant presented a bill of exceptions, and the respondent then ordered two sentences deleted therefrom, and two additional specifications of record added, and respondent, without complying in this respect seeks to have the bill of exceptions certified in the form in which it was originally tendered. Accordingly, whether or not the mandamus nisi should issue depends upon whether or not the trial court properly insisted on the changes and corrections sought to be made. Code (Ann.) § 6-909 provides: "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within 10 days, to the party or his attorney, with his objections to the same in writing. If those objections shall be met and removed, the judge may then certify, specifying in his certificate the cause of the delay." In such a case the plaintiff in error has the choice of correcting the objectionable matter or proceeding under Code § 6-910 as was done here. In the latter case, a mandamus nisi will not be granted where it does not appear from the application and exhibits attached thereto that the action of the trial judge in requiring the corrections was palpably erroneous. *Eason* v. *Thomas,* 92 *Ga. App.* 501 (88 S. E. 2d 758).

The application and exhibits here show that the trial court ordered deleted from the bill of exceptions the sentence: "Claimant's request [that applicant's name be added as an employer-defendant in the compensation proceedings] was granted by the State Board of Workmen's Compensation without the knowledge or consent of the Georgia Department of Revenue."

The sentence is immaterial, since the record shows that the applicant's status of employer or non-employer was in dispute, and that it had ample notice of the scheduled hearings. Whether or not it "consented" to being made a party before the board is of no consequence.

The court also ordered deleted the sentence, "The presiding director overlooked this fact [that he had promised to schedule another hearing of the compensation case at a time when respondent would be able to attend] and proceeded to issue his findings and award adverse to this defendant under date of September 17, 1958." The record shows affirmatively that the applicant had notice of the hearing, which was set for August 5, 1958; that the director made the announcement on that date that counsel for applicant could not attend because of conflict in schedule, and he had informed applicant he would proceed with the hearing but rescheduled a hearing for applicant; that thereafter the director made the record available to applicant and indicated he was considering splitting payments between the two defendants as co-employers; that on September 4, 1958, counsel for applicant wrote the hearing director and took the position that under the record as it then stood there would be no evidence to support a finding in favor of the claimant against the applicant for any part of the payments, and that the applicant neither requested a continuance of the hearing nor an opportunity thereafter to take further testimony. Under these circumstances the judge of the superior court was entirely justified in requesting the deletion of the sentence referred to. He also properly specified for the record on appeal certain evidence at the hearing and other papers which had been forwarded from the Board of Workmen's Compensation to the superior court.

Since it appears that the bill of exceptions as originally tendered to the respondent was incorrect and incomplete in certain respects, and that the applicant refused, when it was tendered back to him by the judge for correction, to correct and complete it, the application for mandamus nisi is without merit and must be

*Denied. Gardner, P.J., and Carlisle, J., concur.*

DECIDED MARCH 9, 1959.

*Eugene Cook, Attorney-General, John L. York, Assistant Attorney-General,* for plaintiff in error.