37725.   HENRY *v.* CRABTREE.

DECIDED JULY 20, 1959—REHEARING DENIED JULY 31, 1959.

*Frank M. Gleason,* for plaintiff in error.

*Freeman C. McClure,* contra.

FELTON, Chief Judge. ■ The motion to dismiss the writ of error is denied. The motion is predicated on the fact that the bill of exceptions was retendered to the trial court and returned by him for correction on October 28, 1958, in accordance with objections dated October 16, 1958, and was not retendered until February 23, 1959, a period of more than 30 days. In *White* v. *Griggs,* 214 *Ga.* 392 (104 S. E. 2d 890) the Supreme Court ruled: "The longest time a party has from the date a bill of exceptions is returned to him for correction or completion during which he may retender it is no more that the period allowed by law (30 days) for the tender of the original bill of exceptions, unless a longer time should be given for providential cause or imperative necessity; and when a delay of more than thirty days in retender is thus caused, that *fact* must affirmatively appear in the judge's certificate:" (Emphasis added.) The following *facts* appear from the bill of exceptions in this case: that on October 28, 1958, the bill of exceptions was retendered to the trial court and refused; that on November 3, 1958, a petition for mandamus nisi was filed in the Court of Appeals to compel the trial judge to sign the bill of exceptions as retendered; that on December 2, 1958, the mandamus nisi was denied; that on December 17, 1858, the bill of exceptions was retendered; that on January 23, 1959, the court again returned the bill of exceptions with a qualified certificate; that on January 30, 1959, movant brought a second application for mandamus nisi in this court; that on February 12, 1959, the Court of Appeals refused to enter a rule nisi against the respondent; that on February 23 the bill of exceptions was retendered, and that this certificate was signed April 7, 1959.

Code § 6-1312 provides: "No bill of exceptions shall be dismissed upon the ground that the same was not certified by the

judge in the time required by law for tendering and signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was tendered to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal, unless it should appear that the failure to sign and certify the same by the presiding judge within the time prescribed by law was caused by some act of the plaintiff in error or his counsel." Accordingly, the time during which the bill of exceptions was in the hand of the trial court, especially under the circumstances of this case where the plaintiff in error had twice brought mandamus proceedings to compel the court to sign the bill of exceptions in the manner contended by him to be correct, should not constitute a reason for dismissal of the bill of exceptions.

Code § 6-910 provides: "If for any cause the bill of exceptions shall not be certified by the judge, without fault of the party tendering, such party or his attorney may, by petition, apply to the Supreme Court or the Court of Appeals, as the case may be, for a mandamus nisi, directed to such judge." The movant here twice tested his right to have the bill of exceptions certified in the form which he contended was the proper form, and, although no mandamus absolute was ever issued by this court, the decision of this court pointed out that, as to some of the demands made by the trial court for changes in the bill of exceptions, the movant was entitled to a bill of exceptions in the form urged and contended for by him, although in other particulars he was not so entitled. The movant was thus at least partially successful in resisting the demands of the court for changes in the bill of exceptions. But, whether right or wrong, a litigant has a legal right to test the soundness of his contentions as to the form of the bill of exceptions by mandamus, provided always that the petition for mandamus shows on its face that the movant, successful or not, had probable cause for seeking this remedy. If, on the other hand, the petition for mandamus shows on its face that no such probable cause existed, then the movant could not claim the benefit of the time during which the mandamus action was pending in the appellate court. This does not mean that he must state facts which

result in the writ's issuance, but merely that it must not appear from the petition that he was totally without probable cause to believe himself to be entitled thereto. Here lack of probable cause does not exist on the face of the petition; on the contrary, this court did in fact grant a part, although not all, of the relief sought.

As to diligence, and following the rule laid down in *White* v. *Griggs*, 214 *Ga.* 392, supra, that after a bill of exceptions is returned a litigant is entitled to not more than thirty days to make the corrections and retender the same, it appears from the certificate to the bill of exceptions here that the movant showed unusual diligence. Eliminating the time the mandamus actions were pending in the Court of Appeals (because under all the rules applying to limitations of proceedings, the time limited should be tolled during that amount of time the mandamus was in the exclusive control of this court and not of the litigants or the trial court) it appears that the movant used the following periods of time, either to bring his mandamus after the bill of exceptions was returned by the trial court, or to correct and retender it after it was returned by the trial court: 12 days, 6 days, 15 days, 7 days, and 11 days. At no time, omitting the periods of time during which the mandamus action was pending in this court, did as much as 30 days elapse; the consolidated periods of time between return and retender, added together, appear as follows: 12 days, 21 days and 18 days. This includes the time necessary to prepare and file the mandamus petitions after the return of the bill of exceptions. Thus, the *facts* affirmatively appearing in the trial judge's certificate to the bill of exceptions show two things: first, that the movant never held the bill of exceptions for as long as thirty days between any ruling of the trial court and a tender or retender of the bill of exceptions, but on the contrary acted with reasonable diligence; second, that since the movant could in no way control the length of time consumed by this court in rendering judgment on his mandamus petition, that time as to him constituted "imperative necessity." Accordingly, under the rule as laid down in the *White* case, the bill of exceptions here should not be dismissed.

■ The court did not err in denying the motion to dismiss the processioning proceedings. A presumption arises from the return of the processioners that an application was filed and that the other legal prerequisites to a legal return were complied with and the presumption is conclusive in the absence of evidence to the contrary, as here. *McCool* v. *Wilcher*, 27 *Ga. App.* 96 (2) (107 S. E. 365); *Caverly* v. *Stovall*, 134 *Ga.* 677 (4, 5) (68 S. E. 442). There was no evidence that there was no application and no notice.

■ It was not error to permit the return to be amended by the certificate of the surveyor. *Crumby* v. *Wilson*, 60 *Ga. App.* 734 (5 S. E. 2d 99); *Thornton* v. *Hitchcock*, 139 *Ga.* 749 (1) (78 S. E. 179).

■ Paragraphs 1, 2, 3 and 4 of the protest are not valid grounds of protest since the surveyor and his deputies, even if the deputies were more than mere employees or helpers, were de facto officers, which fact would not invalidate the return. *Philpot* v. *Wells*, 69 *Ga. App.* 489 (26 S. E. 2d 155); *Tucker* v. *Roberts*, 151 *Ga.* 753 (108 S. E. 222).

■ That part of the protest which contends that the return and plat does not show or indicate the physical marks on the earth is not a good ground of protest. The plat is sufficient if the lines can be definitely located. *Norman, Timmons & Co.* v. *Smith*, 131 *Ga.* 69, 73 (61 S. E. 1039).

■ The protest is defective in that it does not sufficiently describe the triangular piece of land which protestant claims he is deprived of by the line run by the appraisers. The protest is not defective in not objecting to the whole line set up by the processioners otherwise than on the ground that a new line was run as it will be assumed that the protestant is satisfied with that part of the line to which he does not object on the ground that it was incorrectly marked anew but he must describe the part of the line as he contends it should be marked anew so that it may be definitely located. The best way to do this is by a survey, plat and accurate description of definite starting point and courses and distances or landmarks, etc. Since the protest was not bad as a whole this defect may be corrected by amendment.

■ The protest should not have been dismissed as a whole because the ground of protest that the processioners did not lay out a line from physical marks on the face of the earth and mark anew the old line but established and fixed a new line is a good ground of protest to an appraiser's return. *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200); *Smith* v. *Clemons,* 71 *Ga. App.* 589 (31 S. E. 2d 621); *Anthony* v. *Wright,* 76 *Ga. App.* 425 (46 S. E. 2d 194).

■ The erroneous dismissal of the protest rendered further proceedings nugatory.

The court did not err in denying the motion to dismiss the proceeding. The court did not err in allowing the amendment to the processioners' return. The court erred in dismissing the protest.

*Judgments affirmed in part and reversed in part. Gardner, P. J., Townsend, Carlisle, Quillian and Nichols, JJ., concur.*