20653.   STATE DEPARTMENT OF REVENUE *v.* McCRAY *et al.*

ARGUED OCTOBER 13, 1959—DECIDED FEBRUARY 11, 1960.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Deputy Assistant Attorney-General,* for plaintiff in error.

*Smith, Gardner, Kelley & Wiggins, B. C. Gardner, Jr., H. G. Rawls, D. C. Campbell, Jr.,* contra.

HEAD, Presiding Justice. The bill of exceptions of the State Department of Revenue was dismissed by the Court of Appeals because of the lapse of 36 days between the time it was returned by the trial judge for correction and the time it was retendered to the trial judge for certification. In its opinion the Court of Appeals held: "Assuming, as stated by counsel for the plaintiff

in error in their brief, that the delay in retender of thirty-six days was caused by the pendency of their application for a mandamus nisi which was denied by this court on March 9, 1959 (*State Department of Revenue* v. *Gray*, 99 *Ga. App.* 244, 108 S. E. 2d 182), and by difficulty in obtaining certain necessary records from the State Board of Workmen's Compensation, these facts do not affirmatively appear in the judge's certificate, and under the above ruling of the Supreme Court [*White* v. *Griggs*, 214 *Ga.* 392, 104 S. E. 2d 890], the writ of error must be dismissed." *State Dept. of Revenue* v. *McCray*, 100 *Ga. App.* 57 (109 S. E. 2d 864).

In *White* v. *Griggs*, supra, this court held that "the longest time a party has from the date a bill of exceptions is returned to him for correction or completion during which he may retender it is no more than the period allowed by law (30 days) for the tender of the original bill of exceptions, unless a longer time should be given for providential cause or imperative necessity; and when a delay of more than thirty days in retender is thus caused, that fact must affirmatively appear in the judge's certificate."

In *Henry* v. *Crabtree*, 100 *Ga. App.* 91 (110 S. E. 2d 88), the Court of Appeals did not dismiss the writ of error although there had been a period of more than 30 days between the time the bill of exceptions was returned for correction and its final retender to the trial judge, because successive applications for mandamus nisi had been made to the Court of Appeals, and it was held that the time "should be tolled during that amount of time the mandamus was in the exclusive control of this court and not of the litigants or the trial court." It was stated in the opinion that the fact that 30 days did not elapse between any ruling of the trial court and a tender or retender of the bill of exceptions affirmatively appeared in the trial judge's certificate.

It is asserted by the petitioner for certiorari in the present case that the Court of Appeals should have taken judicial notice of the length of time in which its application for mandamus nisi was pending in that court, even though this fact did not appear in the trial judge's certificate.

A court may take judicial notice of its own records in the

immediate case or proceedings before it, including all prior proceedings in the main case. *Branch* v. *Branch,* 194 *Ga.* 575, 577 (22 S. E. 2d 124); *Roberts* v. *Roberts,* 201 *Ga.* 357, 359 (39 S. E. 2d 749); *Woodruff* v. *Balkcom,* 205 *Ga.* 445 (2) (53 S. E. 2d 680); *Baker* v. *City of Atlanta,* 211 *Ga.* 34 (3) (83 S. E. 2d 682); *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174, 178 (82 S. E. 774); 31 C. J. S. 620, § 50 (b); 20 Am. Jur. 104, § 86. An application for mandamus nisi to require a trial judge to certify a bill of exceptions is a part of the proceedings in the main case; and where germane to any issue in the cause, the appellate court on review should take judicial notice of the time in which the mandamus proceedings were pending in that court.

The rule announced in *White* v. *Griggs,* 214 *Ga.* 392, supra, in regard to the facts which must affirmatively appear in the trial judge's certificate, should not be applied in an instance where the facts are within the judicial knowledge of the appellate court to which the writ of error is addressed. The Court of Appeals should take judicial notice of the length of time the application for mandamus nisi by the present petitioner in certiorari was pending in that court; and if the time of retender to the trial judge did not exceed 30 days, with the elimination of the time in which the application for mandamus nisi was pending, the bill of exceptions is not subject to dismissal for unreasonable delay in retendering it to the trial judge.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents and Quillian, J., disqualified.*