## 38176. ALEXANDER *v.* ALLEN.

Decided May 24, 1960.

*Stephens, Fortson, Bentley & Griffin, Edwin Fortson,* for plaintiff in error.

*Erwin, Birchmore & Epting, Eugene A. Epting,* contra.

Bell, Judge. The record shows that at the trial a stipulation by counsel for both parties was made as to a correct copy of an ordinance of the City of Athens which established that the plaintiff parked his car in such a way as to be a violation of a city ordinance. This formulated the basis for negligence per se

on the part of the plaintiff. However, after the rendition of the verdict, the plaintiff discovered a more recent ordinance which, if it had been known and used at the trial, would have established that the plaintiff was properly and legally parked at the time of the accident. Accordingly, the plaintiff within the proper time, upon the grounds of this newly discovered evidence, as well as on other grounds, moved for a new trial.

To justify a new trial, the newly discovered evidence must be such as would, on a new trial, likely produce a different result. *Graham* v. *State*, 86 *Ga. App.* 896 (73 S. E. 2d 46); *Stephens* v. *State*, 99 *Ga.* 200 (24 S. E. 853). The newly discovered evidence must also be material in relating to new and material facts discovered by the applicant after the rendition of the verdict against him. Code § 70-204. There does not seem to be any question in the present case as to the materiality of the newly discovered evidence. Further it is very likely that with this newly discovered evidence, a very different result will be justifiably found by the jury.

The defendant read in evidence to the jury the stipulated correct copy of the ordinance of the City of Athens. This stipulated ordinance showed that it was illegal to park as the plaintiff parked his car in this case. The judge in his statement to the jury charged in relation to this matter as follows: "I charge you further that it is stipulated and agreed that the following is a true and correct copy of an ordinance of the city of Athens, Georgia, duly enacted by the Mayor and Council of the city of Athens, Georgia on January 14, 1942, and re-enacted on November 6, 1947:—'Article 5, Parking Regulations, Section 3:—On the streets within the city where white lines are shown for guidance, parking must conform to said lines, vehicles being entirely within the boundaries designated by said lines. Said marking shall be done by the Police Department. In residential sections of the city all vehicles must park parallel to the curb, except where the white lines indicate a different method of parking.'" 'The court also charged the jury: "I further charge you that if you should find from the evidence that the automobile of the plaintiff, Reed Alexander, was, at the time of this collision, parked in violation of an ordinance of the city of Athens regulating parking, such

illegal parking, if any would constitute negligence per se on the part of the plaintiff Alexander.

"I charge you further that when a valid law of the State, or municipal ordinance of the city of Athens, prohibits or requires certain habits or practices, the violation of such law or ordinance by a custom cannot alter the legal duty involved.

"And a person violating such an ordinance or law is just as guilty of negligence per se as he would be if no such custom has existed or been permitted."

The court additionally charged the jury as to the comparative negligence rule and that damages, when ascertained by the jury, should be reduced by the jury in proportion to the degree of negligence attributable to the plaintiff. The plaintiff's prayer for damages was for $40,000 and the jury verdict was for $9,000. It is clear from the evidence presented and the instructions given that the newly discovered evidence could change the entire legal effect of the plaintiff's parking. The factor of negligence per se on the part of the plaintiff could be negatived, and the whole picture of negligence as presented to and considered by the jury so substantially changed, that in all probability a far different verdict would ensue. The record clearly indicates, then, that the newly discovered evidence would in all probability give a different result and justice would require a new trial to be granted in this case. *McDaniel* v. *State,* 74 *Ga. App.* 5 (38 S. E. 2d 697).

When a motion for a new trial is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and all of his counsel that they did not know of the existence of the evidence before the trial and that this evidence could not have been discovered by the exercise of ordinary diligence. Code § 70-205. The affidavits of the movant and his counsel here clearly establish that they did not know of the existence of this city of Athens ordinance before the trial. The only question for further determination is whether such evidence could have been discovered by the exercise of ordinary diligence on the part of the movant and his counsel. The motion for a new trial, and the affidavits made a part thereof, allege and show that the plaintiff personally did not know of the ordinance be-

fore the trial, and that he could not have discovered the same by the exercise of ordinary diligence. The affidavit of the counsel for the plaintiff shows that the ordinance was not known to him before or during the trial of the case, and asserts that it could not have been discovered by him in the exercise of ordinary diligence. The factual basis for such assertions shows that counsel made a diligent search and examination of the traffic ordinances and amendments passed by the Mayor and Council of the City of Athens as they were compiled and posted in the offices of the Police Department in the City Hall; and that such compilation and exhibits are the only compilation of the traffic laws and ordinances of the Mayor and Council of the City of Athens, and is held out by the city officials in charge of the enforcement of traffic ordinances as being the official and complete compilation of the ordinances and amendments of the City of Athens. This compilation did not at the time of the trial of the case contain the ordinance which is the newly discovered evidence in issue in this case. The counsel for the plaintiff further alleges in his affidavit that before the trial he made a diligent search and examination of the minutes of the Mayor and Council of the City of Athens, but that such search did not disclose the existence of the ordinance alleged to be the newly discovered evidence in this case, because it was not indexed under the traffic ordinances or under the index of "Parking Generally" or "Parking Spaces" but was erroneously indexed under a subhead "Meters" which was under the main topic "Parking" and because of this indexing the existence of the ordinance was not discovered by him. He avers that parking meters had nothing to do with the subject matter of the ordinance concerned in this case, and there was no reason for him to examine entries indexed under parking meters. The counsel for the plaintiff further avowed in his affidavit that at the time the counsel for the defendant and the counsel for the plaintiff stipulated that the traffic ordinance, introduced as evidence in the trial, was the ordinance in effect and governing in the matter, the counsel for the defendant stated that he and his associate had been unable to find any other ordinance concerning parking in the area involved in this case. The attorney for the plaintiff further avers in his affidavit

that the existence of this newly discovered evidence (the ordinance overlooked) came to his attention after the trial of the case when it was discovered by the plaintiff while he thumbed through the minutes of the Mayor and the Council of the City of Athens.

The plaintiff and his counsel have presented their motion for a new trial on the ground of newly discovered evidence in proper form and by substantiating affidavits. The question that must now be decided by this court is whether these actions, asserted under oath by the plaintiff and his counsel, constitute the exercising of ordinary diligence in seeking for the newly discovered evidence before the trial.

This court realizes the danger of permitting a new trial on the basis of evidence not discovered by the parties or their counsel. The court further realizes the professional responsibility of the lawyer in his careful ascertainment of the facts and laws which will be material to his case. However, a lawyer must be permitted to rely upon the accepted manner of pronouncement and the reasonably indicated indexing procedures as a basis for exercising ordinary diligence in his ascertainment of the existing status of the ordinances of the various political subdivisions of the State with which he must come in contact. It seems then, to charge the counsel and his client with not having discovered this ordinance by the exercise of ordinary diligence when counsel had searched through all compiled and posted traffic ordinances and had searched the various parking indices but did not discover the ordinance which is the alleged newly discovered evidence, would be to place too heavy a responsibility upon counsel. Particularly is this true where, as here, the lawyer was informed by the opposing side that they, too, were unable to find any other ordinance than the one stipulated, and where the ordinance constituting the newly discovered evidence was indexed under a subhead "Meters" when "Meters" had not the remotest connection with the factual situation involved in the case. It is therefore decided that the counsel in this case and the plaintiff could not have discovered the ordinance which is the claimed newly discovered evidence by the exercise of ordinary diligence.

Although the granting of new trials on the grounds of newly

712

discovered evidence is not to be treated lightly, the requirements of the law have been met in this case. The obvious great change in the evidence which will result in the new trial, coupled with the fact that the counsel and the plaintiff exercised ordinary diligence in searching for the evidence, justifies a new trial, and it must be granted.

■ Ground 2 of the amended motion for a new trial is meritorious. The court erred in instructing the jury that it would be their duty to reduce to its present value the amount of damages to which they found the plaintiff entitled. The damages sought were for medical expenses, for damage to an automobile, and for pain and suffering. As it was alleged in the petition and supported by the evidence offered at the trial, the recovery sought for loss of ability to work and labor merely constituted a component part of the element of pain and suffering. No damages for loss of future earnings were alleged or proved. The damages sued for were not reducible to present value. See *Richmond Concrete Products Co.* v. *Ward*, 95 *Ga. App.* 419, 421 (5) (98 S. E. 2d 130).

■ Ground 3 of the amended motion is incomplete in that it does not aver that the law stated in this ground as being necessary and essential was not covered in the general charge.

■ The error complained of in Ground 4 will not likely occur in another trial because of the decision reached in Division 1 of this opinion. Accordingly, Ground 4 will not be passed on.

■ Ground 5 complains of the court's failure to charge the jury that the measure of damages for loss of ability to work and labor is the enlightened conscience of impartial jurors. Since the guide for seeking damages for diminished capacity to labor, as distinguished from earning capacity, is the enlightened consciences of impartial jurors, this ground is meritorious, and the court erred in not so charging the jury. *Atlantic Coast Line R. Co.* v. *Ouzts*, 82 *Ga. App.* 36, 61, 62 (60 S. E. 2d 770); *Railway Exp. Agency* v. *Standridge*, 68 *Ga. App.* 836 (24 S. E. 2d 504); *Chancey* v. *Shirah*, 96 *Ga. App.* 91, 96 (99 S. E. 2d 365).

■ Ground 6 complains of the charge to the jury which authorized them to find the value of lost earnings. Loss of future earnings was not sued for or proved and the charge on this matter was misleading to the jury and erroneous.

■ Ground 7 complains of the charge to the jury which instructed them as to the manner in which damages found by the jury should be reduced to present value. This portion of the charge was erroneous for the reason asserted in the second division of this opinion.

The judgment of the trial court overruling and denying the motion for a new trial is hereby reversed.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*