38808.   JOHNSON *et al.* v. HAMNER.

624

*Joseph E. Cheeley*, for plaintiffs in error.

*Merritt & Pruitt, Glyndon C. Pruitt*, contra.

NICHOLS, Judge. ■ The act of 1957 (Ga. L. 1957, pp. 224, 242; *Code Ann.* § 6-906), provides that, when a judge who presides in a case shall cease to hold office, the bill of exceptions shall be tendered to his successor in office or to another judge of such court if there be such and, if not, then to any other judge of the superior courts. The bill of exceptions was

properly tendered to Judge Clinkscales' successor as Judge of the Superior Court of Gwinnett County and it was only after such judge (Judge Pittard), disqualified himself that the plaintiff in error could tender the writ of error to some other superior court judge. The bill of exceptions was tendered to the successor judge within thirty days of the judgment complained of and, after the successor judge disqualified himself it was certified within ten days of such disqualification. Normally when a bill of exceptions is returned to counsel for the plaintiff in error for correction it must be re-tendered within thirty days. (*White v. Griggs*, 214 Ga. 392, 104 S. E. 2d 890), and where a judge to whom the bill of exceptions must be tendered is disqualified when such judge signs a judgment or order stating that he is disqualified the party then has thirty days (in the absence of a statute to the contrary), to tender such bill of exceptions to a proper judge for certification. The bill of exceptions in the present case was tendered within the time provided by law, and the motion to dismiss the writ of error is denied.

■ When the defendant's motion for new trial came on to be heard the plaintiff moved to dismiss it because "no valid brief of evidence in the case [had] been filed as provided by law." In his argument before this court the plaintiff contends that the brief of evidence tendered to the trial court was not valid because no notice of its proposed presentation was given him nor was such notice waived in writing as provided by the act of 1957, supra, at page 241 (*Code Ann.* § 24-3364). Under the decisions in *Anderson v. Interstate Life &c. Ins. Co.*, 94 Ga. App. 411 (94 S. E. 2d 758); and *Campbell v. Allen*, 208 Ga. 274, 278 (66 S. E. 2d 226), since the plaintiff was present at the time the proposed brief of evidence was tendered and made objections to the proposed brief the plaintiff was not harmed by any breach of such rule.

' At the hearing on the correctness of the brief and of the motion for new trial, the plaintiff contended, according to the writ of error, that the evidence was a stenographic report of the trial with no summary of the documentary evidence having been made.

■

626

An examination of the brief discloses that various witnesses testified with reference to various plats, and so forth that were exhibited to them, and that eight exhibits were introduced for the plaintiff, none of which appear in the brief of evidence. Nor are such exhibits summarized in the brief of evidence.

In *Wood v. Sheppard*, 100 Ga. App. 376, 379 (111 S. E. 2d 242), Judge Quillian, now Justice Quillian, pointed out that if a trial court refuses to certify a brief of evidence containing only the material facts a writ of error would lie to such judgment. The present case presents the reverse of such situation for the purported brief of evidence (approved by the trial judge), did not contain evidence contended by the plaintiff to be material, and he has excepted to such judgment. The brief of evidence, as approved, shows on its face that it is not a brief of the evidence prescribed by the statutes dealing with motions for new trial, and the judgment approving such brief of evidence was error.

■ Inasmuch as the judgment approving the "brief of evidence" was error there was no brief of evidence in existence at the time the trial judge granted the defendant's motion for new trial on the usual general grounds and on one special ground (an alleged error dealing with the charge). Under the decision in the case of *Satterfield v. Fricks*, 98 Ga. App. 130 (105 S. E. 2d 459), and the cases there cited, the judgment granting the motion for new trial was a nullity.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*